BOOTH, Judge.
This cause is before us on appeal after entry of partial summary final judgment. Appellant Bill Williams Air Conditioning & Heating, Inc. (Bill Williams) argues that the trial court erred in granting partial summary final judgment for appellee Hay-market Cooperative Bank (Haymarket) in its mortgage foreclosure action. We agree and reverse.
On September 21, 1987, mortgagors Richard F. Bailey, as trustee, Richard F. Bailey, individually, and Glen W. Murphy executed and delivered to Haymarket promissory notes in the principal amounts of $2,450,000 and $550,000, both of which were secured by mortgages on a parcel of commercial real estate in Gainesville, Florida. Apparently, the mortgagors were financing the construction of a grocery store addition to an existing shopping center. During the course of construction, the general contractor failed, and Haymarket assumed responsibility for completion of the shopping center and disbursement of the remaining mortgage proceeds until these funds were expended. Haymarket had recorded its mortgages on September 27, 1987, in the official records of Alachua County, Florida.
Bill Williams is one of many subcontractors who filed claims of lien against the mortgaged property. All of these claims of lien were recorded after September 27, 1987. Bill Williams recorded its claim of lien on July 5, 1988.
Haymarket brought its action to foreclose both mortgages on July 21, 1988, naming the mortgagors, Bill Williams, and many other mechanic and judgment lienors as defendants. Bill Williams filed its initial answer on September 12, 1988. On January 23, 1989, Bill Williams filed its first amended answer, which included cross-claims to foreclose its mechanic’s lien and for breach of contract. Haymarket then filed its motion for partial summary final judgment without prejudice to the rights of four mechanic’s lienors who had asserted affirmative defenses. The day before the hearing on Haymarket’s motion, Bill Williams moved to again amend its answer to assert certain affirmative defenses which were substantially identical to those asserted by the four defendants against whom Haymarket had not sought summary judgment.
At the hearing, the trial court granted Bill Williams’ motion to amend its answer to assert the eight affirmative defenses. The trial court then stated that it was going to proceed with the motion for partial summary final judgment on the basis of the pleadings as amended. The affidavits filed in support of Haymarket’s motion for partial summary final judgment did not controvert the allegations of the affirmative defenses. Nonetheless, the trial court entered partial summary final judgment for Haymarket against Bill Williams, as well as against the other defendants who had not contested the motion or asserted affirmative defenses. As to Bill Williams, this was error.
While the trial court correctly allowed Bill Williams to amend its answer to assert the affirmative defenses, once it did so, *54 Haymarket had the burden of establishing that the affirmative defenses were devoid of material issue of fact or legally insufficient. Howdeshell v. First National Bank of Clearwater, 369 So.2d 432, 433 (Fla. 2d DCA 1979); Johnson & Kirby, Inc. v. Citizens National Bank of Fort Lauderdale, 338 So.2d 905, 906 (Fla. 3d DCA 1976); Stewart v. Gore, 314 So.2d 10, 12 (Fla. 2d DCA 1975); Pompano Paint Company v. Pompano Beach Bank & Trust Company, 208 So.2d 152, 153 (Fla. 4th DCA 1968). Our review of the record, however, indicates that the burden was placed, erroneously, upon Bill Williams to demonstrate some record fact in support of its affirmative defenses. Accordingly, the partial summary final judgment is reversed as to Bill Williams, and this cause is remanded for further proceedings consistent with this opinion.
SMITH and ZEHMER, JJ., concur.