MONACO, C.J.
The appellant, Gregory Taylor, appeals from a summary final judgment of foreclosure in favor of the appellee, Deutsche Bank National Trust Company, as Trustee. This is yet another in the nationwide series of cases dealing with the processing of mortgages, such as the one given by Mr. Taylor on his residential real property, by use of the system operated by a corporation known as Mortgage Electronic Registration Systems, Inc. (“MERS”). We affirm the final judgment in which the trial court concluded that the assignee of MERS had standing to foreclose Mr. Taylor’s mortgage.
The MERS system was developed in 1993 by Federal National Mortgage Association, Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Mortgage Bankers Association of America, and several other major participants in the real estate mortgage field in order to track ownership interests in residential mortgages electronically. Under this program MERS members subscribe to the system *620 and pay annual fees for the electronic processing and tracking of ownership and transfers of mortgages. The participants agree to appoint MERS to act as their common agent on all mortgages registered by them in the MERS system, thus simplifying the packaging and transfer of mortgages on individual parcels. See MERSCORP, Inc. v. Romaine, 8 N.Y.3d 90, 101, 828 N.Y.S.2d 266, 861 N.E.2d 81, 83 (N.Y.2006). As the third district has pointed out, it is the rub between the expanding use of electronic technology to track real estate transactions and our familiar and venerable real property laws that has generated the heat that led to this appeal and to countless others nationally. See Mortgage Elec. Registration Sys., Inc., v. Revoredo, 955 So.2d 33, 34 (Fla. 3d DCA 2007).
In our case Deutsche Bank brought suit to foreclose a mortgage on real estate owned by Mr. Taylor. The complaint alleged that Mr. Taylor executed and delivered a mortgage and promissory note in favor of the assignor of Deutsche Bank, in the original principal amount of $168,000. The complaint further alleged that Deutsche Bank was the present owner and constructive holder of the promissory note and mortgage. Both the mortgage and an adjustable rate note were attached to the complaint.
The note, which identified the initial lender as First Franklin, a division of National City Bank of Indiana, contained the following language:
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the ‘Note Holder’.
The note identifies the mortgage that is dated the same date as the note, and instructs the borrower to the effect that the mortgage protects the “Note Holder” from possible losses in the event of non-payment. The note also describes the remedies that may be invoked by the lender if the borrower fails to pay the amounts due under the note and mortgage.
The mortgage defines “Lender” as First Franklin, and MERS as a separate corporation acting solely as a nominee for Lender and Lender’s successors and assigns. MERS is specifically described (in bold print) as the “mortgagee under the Security Instrument.” The mortgage indicates that it “secures to Lender (I) the repayment of the Loan, and all renewals, extensions and modifications of the Note, and (II) the performance of Borrower’s covenants and agreements under this Security Instrument and the Note.” The mortgage then specifies that the borrower, Mr. Taylor, “does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender’s successors and assigns) and to the successors and assigns of MERS, the following described property....” Finally, the mortgage expressly provides that:
Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender’s successors and assigns) has the right to exercise any and all of those interests, including, but not limited to, the right to foreclose and sell the Property, and to take any action required of Lender including, but not limited to, releasing and canceling the Security Instrument.
(Emphasis added).
One other document is critical to an understanding of this case. Attached to the complaint was an assignment of mortgage that indicated that MERS, as nominee for First Franklin, assigned the mortgage to Deutsche Bank, the appellee. The *621 assignment indicated that the mortgage executed by Mr. Taylor on the property in question assigned to Deutsche Bank the “full benefit of all the powers and all the covenants and Provisions therein contained, and the said Assignor hereby grants and conveys Unto the said Assign-ee, the Assignor’s beneficial interest under the Mortgage ... [t]o Have and to Hold the said Mortgage and Note, and also the said property unto the said Assignee forever, subject to the terms contained in said Mortgage and Note.”
Mr. Taylor initially answered the complaint and admitted that the note and mortgage had been assigned to Deutsche Bank. There does not appear to be an issue regarding the fact that the mortgage loan was in payment default. Thereafter Deutsche Bank moved for summary judgment and filed the original note, mortgage and assignment with the trial court. The motion recited that the loan was in default; that Deutsche Bank owned and held the note and mortgage; and that it was entitled to recover its principal, interest, late charges, costs, attorney’s fees and other expenses.
Mr. Taylor, however, then changed attorneys and filed an amended answer and affirmative defenses, among other documents.[1] The amended answer denied that the note was assigned by MERS to Deutsche Bank and denied that the mortgage was properly assigned to it. The affirmative defenses, among other things, alleged that Deutsche Bank did not have standing to enforce the note because the exhibits attached to the complaint were insufficient to demonstrate standing and inconsistent with Deutsche Bank’s assertion that it owned the note and mortgage.
When Deutsche Bank filed an amended motion for summary judgment, the trial court after conducting a duly noticed hearing entered final summary judgment of foreclosure in favor of Deutsche Bank. There is no transcript of the hearing. No motion for rehearing was filed. On the same day that the summary judgment was entered, Mr. Taylor filed an opposition to the motion for summary final judgment. The opposition asserted that there was disputed evidence regarding whether Deutsche Bank was entitled to enforce the Note.
Mr. Taylor argued before the trial court, as he does before this court, that because the note was not indorsed and contained neither an allonge[2] nor a specific assignment, it was payable only to First Franklin, and that Deutsche Bank, therefore, had no standing to attempt to enforce it. Mr. Taylor points out that section 673.2011, Florida Statutes (2009), requires, “[ejxcept for negotiation by remitter, if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and indorsement by the holder. If an instrument is payable to bearer, it may be negotiated by transfer of possession alone.” He argues that the note in the present case carries no indorsement and is not a bearer instrument. Under the theory of his defense, therefore, only the “holder,” in this case First Franklin or arguably MERS, could seek foreclo *622 sure of his mortgage. He also cites section 673.2031(3), Florida Statutes (2009), entitled “Transfer of instrument, rights acquired by transfer,” which states that:
Unless otherwise agreed, if an instrument is transferred for value and the transferee does not become a holder because of lack of indorsement by the transferor, the transferee has a specifically enforceable right to the unqualified indorsement of the transferor, but negotiation of the instrument does not occur until the indorsement is made.
Finally, Mr. Taylor argues that according to the MERS website, MERS is not a beneficial owner of the mortgage loan and it, therefore, cannot transfer any interest.
We begin our consideration of this case with section 673.3011, Florida Statutes (2009). That statute, which defines the persons entitled to enforce a negotiable instrument, reads as follows:
The term “person entitled to enforce” an instrument means:
(1) The holder of the instrument;
(2) A nonholder in possession of the instrument who has the rights of a holder; or
(3) A person not in possession of the instrument who is entitled to enforce the instrument pursuant to s. 673.3091 or s. 673.4181(4).
A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.
Because a promissory note is a negotiable instrument, and because a mortgage provides the security for the repayment of the note, this statute leads to the conclusion that the person having standing to foreclose a note secured by a mortgage may be either the holder of the note or a nonholder in possession of the note who has the rights of a holder. BAC Funding Consortium Inc. ISAOA/ATIMA v. Jean-Jacques, 28 So.3d 936, 938 (Fla. 2d DCA 2010). Thus, Mr. Taylor’s foundational argument — that only a holder in due course can enforce the note by foreclosing the mortgage — is flawed in a significant way. The statute allows a nonholder with certain specific characteristics to foreclose as well.
In the present case MERS is identified in the mortgage as a corporation that “is acting solely as a nominee for Lender,” and as “the mortgagee under this Security Agreement.” The mortgage also contains the following provision:
Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but if necessary to comply with law or custom, MERS (as nominee for Lender and Lender’s successors and assigns) has the right to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property, and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.
(Emphasis added). It appears, consequently, that the mortgage document, reciting the explicit agreement of Mr. Taylor, grants to MERS the status of a nonholder in possession as that position is defined by section 673.3011.
MERS, however, is not the party that foreclosed the subject note and mortgage. Rather, Deutsche Bank is. As a general proposition, evidence of a valid assignment, proof of purchase of the debt, or evidence of an effective transfer, is required to prove that a party validly holds the note and mortgage it seeks to foreclose. See Booker v. Sarasota, Inc., 707 So.2d 886, 889 (Fla. 1st DCA 1998); BAC Funding Consortium, Inc. ISAOA/ATI- *623 MIA. The written assignment filed as part of the summary judgment documents in the ease before us specifically recites that MERS assigned to the appellee, Deutsche Bank, “the Mortgage and Note, and also the said property unto the said Assignee forever, subject to the terms contained in the Mortgage and Note.” (Emphasis supplied). More importantly, as a nonholder in possession of the instrument who had the rights of a holder, MERS assigned to Deutsche Bank its explicit power, granted by the mortgage, to enforce the note by foreclosing the mortgage on the subject property. We conclude, accordingly, that the written assignment of the note and mortgage from MERS to Deutsche Bank properly transferred the note and mortgage to Deutsche Bank. The transfer, moreover, was not defective by reason of the fact that MERS lacked a beneficial ownership interest in the note at the time of the assignment, because MERS was lawfully acting in the place of the holder and was given explicit and agreed upon authority to make just such an assignment. See U.S. Bank, N.A. v. Flynn, 27 Misc.3d 802, 897 N.Y.S.2d 855 (Sup.Ct. Suffolk County 2010).
Our sister court in the second district came to a congruent conclusion after considering very similar documents. In Mortgage Electronic Registration Systems, Inc. v. Azize, 965 So.2d 151 (Fla. 2d DCA 2007) (citing Troupe v. Redner, 652 So.2d 394 (Fla. 2d DCA 1995)), it likewise held that MERS was not required to have a beneficial interest in the note in order to have standing in a foreclosure proceeding. It observed that while the holder of the note has standing to seek enforcement of the note, standing in the context of the presently considered documents is broader than just actual ownership of the beneficial interest in the note. It noted further, for example, that “[t]he Florida real party in interest rule, Fla. R. Civ. P. 1.210(a), permits an action to be prosecuted in the name of someone other than, but acting for, the real party in interest.” Azize, 965 So.2d at 153 (quoting Kumar Corp. v. Nopal Lines, Ltd., 462 So.2d 1178, 1183 (Fla. 3d DCA 1985)); see also Revoredo. cf. Riggs v. Aurora Loan Servs., LLC., 36 So.3d 932 (Fla. 4th DCA 2010).
Thus, we agree with the trial court that under the documents in play in this case, Deutsche Bank had standing to foreclose the mortgage. The final judgment is, accordingly, affirmed in all respects.
AFFIRMED.
LAWSON, J., and EDWARDS-STEPHENS, S., Associate Judge, concur.

. Although Mr. Taylor failed to move for leave to file the amended answer, it appears that Deutsche Bank likewise failed to move to strike the new pleadings.

. "An allonge is a piece of paper annexed to a negotiable instrument or promissory note, on which to write endorsements for which there is no room on the instrument itself. Such must be so firmly affixed thereto as to become a part thereof.” See Booker v. Sarasota, Inc., 707 So.2d 886, 887 (Fla. 1st DCA 1998), quoting Black's Law Dictionary 76 (6th ed. 1990); see also Chase Home Fin., LLC v. Fequiere, 119 Conn.App. 570, 989 A.2d 606 (2010).