WETHERELL, J.
 

 Leo Chen, Ho Lin, and Stephanie Lin (Appellants) appeal the summary judgment entered in favor of Whitney National Bank (Whitney) on its complaint for foreclosure and money judgment. Appellants raise a number of claims, but only one merits discussion: whether the trial court erred in granting summary judgment against Stephanie Lin in light of her affirmative defense that Whitney’s predecessor-in-interest violated the Equal Credit Opportunity Act, 15 U.S.C. § 1691 (ECOA), in securing her personal guaranty of the loan that is the subject of the complaint. We agree with Appellants that there are disputed issues of material fact on this affirmative defense and, therefore, we reverse the judgment against Stephanie Lin. We affirm the other claims raised on appeal without discussion.
 

 Sugar Sands Estates, LLC (Sugar Sands), executed a $2.2 million promissory note to Access Bank and Mortgage, a predecessor by merger to Whitney; the note was secured by a mortgage on commercial property in Walton County. Appellants and several others
 
 [1]
 
 personally guaranteed the loan. When Sugar Sands and the guarantors failed to make the payments due under the note, Whitney filed a complaint for foreclosure and money judgment.
 

 Appellants answered the complaint and raised several affirmative defenses, including, as it relates to the Lins, that the guaranties were void and unenforceable because Whitney’s predecessor-in-interest discriminated against them based on their marital status in violation of ECOA.
 
 *1172
 
 Whitney denied the affirmative defenses and moved for summary judgment. Ho Lin filed an affidavit in opposition, asserting, in pertinent part, that he “was independently credit worthy” and that his wife, Stephanie Lin, “was required by the Bank to execute identical guaranty agreements simply because she and I are married.”
 

 The trial court granted Whitney’s motion and entered a judgment for $2,844,143.73 against Appellants and the other guarantors. The trial court also ordered the property to be sold. Appellants timely sought review of the judgment in this court.
 

 Appellants argue on appeal that the trial court erred in granting summary judgment because there are disputed issues of material fact on their affirmative defenses. We review the trial court’s ruling de novo.
 
 See Volusia Cnty. v. Aberdeen,
 
 760 So.2d 126, 130 (Fla.2000).
 

 Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.
 
 Id.; Futch v. Wal-Mart Stores, Inc.,
 
 988 So.2d 687, 690 (Fla. 1st DCA 2008) (“A summary judgment is appropriate only when there is not the slightest doubt as to any issue of material fact. The facts must be viewed most favorably to appellant.”) (internal citations omitted). The party moving for summary judgment must factually refute or disprove the affirmative defenses or establish that the defenses are insufficient as a matter of law.
 
 See Bill Williams Air Conditioning & Heating, Inc. v. Haymarket Coop. Bank,
 
 566 So.2d 52 (Fla. 1st DCA 1990);
 
 see also Fasano v. Hicks,
 
 667 So.2d 1033, 1034 (Fla. 2d DCA 1996) (“In the absence of some proof contradicting or opposing an affirmative defense, entry of a summary judgment is improper.”).
 

 With respect to the ECOA affirmative defense, Whitney argued below and on appeal that the defense was inadequate as a matter of law because the language of ECOA does not allow voiding a guaranty as an affirmative defense; rather, the Lins could seek only an affirmative remedy for the alleged ECOA violation. Whitney further argued that, if the defense was intended to be an affirmative claim, it was barred by the two-year statute of limitations in 15 U.S.C. § 1691e(f). Appellants argue on appeal, as they did below, that the alleged ECOA violation may be raised as an affirmative defense in an action to enforce the guaranty, even after the expiration of the statute of limitations. We agree with Appellants for the reasons that follow.
 

 ECOA prohibits a creditor from discriminating against any applicant with respect to any aspect of a credit transaction “on the basis of race, color, religion, national origin, sex or
 
 marital status,
 
 or age....” 15 U.S.C. § 1691(a)(1) (emphasis added). To implement this prohibition, the Federal Reserve Board has promulgated the following regulation:
 

 [A] creditor shall not require the signature of an applicant’s spouse or other person, other than a joint applicant, on any credit instrument if the applicant qualifies under the creditor’s standards of creditworthiness for the amount and terms of the credit requested.
 

 12 C.F.R. § 202.7(d)(1). A guarantor falls within the definition of “applicant” under ECOA.
 
 See
 
 12 C.F.R. § 202.2(e);
 
 but see Moran Foods, Inc. v. Mid-Atlantic Mkt. Dev. Co.,
 
 476 F.3d 436, 441 (7th Cir.2007) (expressing doubt that “applicant” includes a guarantor because even though the federal regulations included guarantor within the definition of applicant, the statutory term was unambiguous).
 

 ECOA provides that an applicant aggrieved by a violation of the act may bring a federal civil action against the creditor to recover actual damages, punitive damages,
 
 *1173
 
 and attorney’s fees.
 
 See
 
 15 U.S.C. § 1691e(a), (b), (d). ECOA does not expressly authorize an aggrieved applicant to raise an alleged ECOA violation as an affirmative defense to a claim by a creditor on the debt, and there is a split of authority in the federal and state courts as to whether this remedy is available.
 

 The only court in Florida to have directly considered the issue is
 
 Matsco v. Clermont Center for Comprehensive Dentistry, P.A.,
 
 2010 WL 746709 (M.D.Fla. Mar.2, 2010).
 
 [2]
 
 In that case, the federal district court struck the defendant spouses’ affirmative defenses that Matsco, through its predecessors, violated the ECOA by having them execute personal guaranties solely in their capacity as spouses.
 
 Id.
 
 at *1. The court concluded that ECOA did not provide for the invalidation of a guaranty or the underlying obligation as an available remedy or as an affirmative defense.
 
 Id.
 
 at *3 (citing other federal district court cases
 
 [3]
 
 ).
 

 We do not find
 
 Matsco
 
 persuasive because it did not even acknowledge the conflicting ease law, apparently because the defendant spouses in that case did not submit any decisional authority or argument to the court.
 
 Id.
 
 Indeed, there are a number of federal and state cases holding contrary to
 
 Matsco
 
 that ECOA can be used defensively after the statute of limitations has run on an affirmative claim.
 
 See, e.g., LOL Finance Co. v. F.J. Faison, Jr. Revocable Trust,
 
 2010 WL 3118630, at *8 (citing cases from the First Circuit, Third Circuit, federal district courts, and state supreme courts),
 
 adopted by
 
 2010 WL 3118583 (D.Minn. Aug.4, 2010). The split of authority on this issue was recently canvassed by the Iowa Supreme Court in
 
 Bank of the West v. Kline,
 
 782 N.W.2d 453 (Iowa 2010).
 

 The court explained in
 
 Kline
 
 that courts have “staked out three general positions” on the use of an alleged violation of the ECOA after the statute of limitations has run: (1) a debtor can only assert an ECOA violation as a counterclaim; (2) a debtor can assert an ECOA violation as an affirmative defense in the nature of recoupment; and (3) a debtor can assert an ECOA violation as an affirmative defense based on the defense of illegality.
 
 Id.
 
 at 458-61. After analyzing each position in detail, the court adopted the position allowing a debtor to assert an ECOA viola
 
 *1174
 
 tion as an affirmative defense to void an obligation made in contravention to ECOA.
 
 Id.
 
 at 463.
 

 The court reasoned that it would frustrate the purpose of ECOA and be contrary to public policy to enforce an obligation that violated ECOA, such as a guaranty required of the spouse of an independently creditworthy debtor.
 
 Id.
 
 The court further reasoned that a creditor should not benefit from its discriminatory practices and that releasing the spouse from liability under a guaranty made in violation of ECOA would deter discriminatory practices.
 
 Id.
 
 Finally, the court reasoned that allowing a guarantor to assert an ECOA violation as a defense to the creditor’s claim, even after the statute of limitations had run on an affirmative claim under ECOA, best protected victims of credit discrimination because most debtors would not know about ECOA’s provisions against discrimination until they consulted an attorney or until the creditor sought to enforce the guaranty.
 
 Id.
 

 We find this analysis persuasive. It is also consistent with Florida law, which recognizes that the illegality of a contract may be raised as an affirmative defense.
 
 See Harris v. Gonzalez,
 
 789 So.2d 405 (Fla. 4th DCA 2001). Similar to Iowa law discussed in
 
 Kline,
 
 the Florida Supreme Court has expressed that “where a statute pronounces a penalty for an act, a contract founded upon such act is void, although the statute does not pronounce it void or expressly prohibit it.”
 
 Town of Boca Raton v. Raulerson,
 
 108 Fla. 376, 146 So. 576, 577 (1933).
 

 Here, Ho Lin asserted in his affidavit that he was independently creditworthy and that his spouse, Stephanie Lin, was required to personally guarantee the loan simply because she was married to him. This affidavit raises genuine issues of material fact as to the legality of the guaranty executed by Stephanie Lin under ECOA, which, as discussed above, is a legally sufficient affirmative defense. Accordingly, the trial court erred in granting summary judgment against Stephanie Lin.
 

 The affidavit has no effect on the validity of the separate guaranty signed by Ho Lin. There is no dispute that Ho Lin would have executed the guaranty and incurred personal liability notwithstanding the alleged violation of ECOA concerning his wife.
 
 See Silverman v. Eastrich Multiple Investor Fund, L.P.,
 
 51 F.3d 28, 33 (3rd Cir.l995)(noting that if a spouse’s guaranty is voided, “this would not void the underlying debt obligation nor any other guaranties”);
 
 Integra Bank/Pittsburgh v. Freeman,
 
 839 F.Supp. 326, 329-30 (E.D.Pa.1993) (explaining that an ECOA violation does not void the underlying credit transaction, but “an offending creditor should not be permitted to look for payment to parties who, but for the ECOA violation, would not have incurred personal liability on the underlying debt in the first instance” and, thus, concluding that the wife could assert a defense that the ECOA violation bars recovery from her on a guaranty but the husband could only recover any damages for the ECOA violation by way of recoupment);
 
 Still v. Cunningham,
 
 94 P.3d 1104, 1113-15 (Alaska 2004) (affirming judgment voiding guaranty required of wife in violation of ECOA, and rejecting husband’s claim that his guaranty should also have been voided because husband’s guaranty was permissibly required);
 
 and cf. Suntrust Bank,
 
 2010 WL 146858, at *7
 
 (“Integra,
 
 like
 
 Silveivnan,
 
 does not absolve the applicant debtor from liability under a guaranty due to an ECOA violation; only the spouse is released from liability.”). Accordingly, the ECOA affirmative defense raised by Ho Lin was insufficient as a matter of law and did not preclude the grant of summary judgment against him.
 

 
 *1175
 
 Based upon the foregoing, we reverse the final judgment insofar as it grants summary judgment against Stephanie Lin and remand for further proceedings on her affirmative defense alleging a violation of ECOA. We affirm the grant of summary judgment in all other respects.
 

 AFFIRMED in part; REVERSED in part; REMANDED for further proceedings.
 

 VAN NORTWICK, and ROWE, JJ„ concur.
 

 [1]
 

 . The other guarantors were Karen and Daniel Fitzpatrick, Diane and Greg Osland, Roy McCarty, and Jeanne Carter. Neither the Fitzpatricks nor the Oslands have challenged the grant of summary judgment in this appeal; they are Appellees by operation of Florida Rule of Appellate Procedure 9.020(g)(2). Whitney did not pursue its money judgment claim against Mr. McCarty and Ms. Carter because they filed bankruptcy while the case was pending below.
 

 [2]
 

 . In
 
 Suntrust Bank v. Hamway,
 
 2010 WL 146858, at *7 (S.D.Fla. Jan.ll, 2010), the court stated that an applicant debtor is not absolved from liability under a guaranty due to an ECOA violation. The discussion of ECOA was in the context of the court's ruling on a motion to dismiss the creditor’s complaint for failure to state a cause of action,
 
 id.
 
 at *5-6; the court did not consider whether the ECOA violation could be raised by the applicant debtor (or his spouse) as an affirmative defense to the complaint.
 

 [3]
 

 .
 
 F.D.I.C. v. 32 Edwardsville Inc.,
 
 873 F.Supp. 1474, 1480 (D.Kan.1995) ("ECOA does not provide for the invalidation of a guaranty as a remedy for an ECOA violation, and defensive use of the ECOA in this case is therefore impermissible.");
 
 Silverman v. Eastrich Multiple Investor Fund, L.P.,
 
 857 F.Supp. 447, 453 (E.D.Pa.1994) (same);
 
 Resolution Trust Corp. v. Schonacher,
 
 844 F.Supp. 689, 696 (D.Kan. 1994) ("courts interpreting [the ECOA] have concluded that this language does not grant courts the power to invalidate underlying obligations.”);
 
 Riggs Nat'l Bank of Washington, D.C. v. Linch,
 
 829 F.Supp. 163, 169 (E.D.Va. 1993) (holding that ECOA violation cannot be asserted as affirmative defense);
 
 CMF Virginia Land, L.P. v. Brinson,
 
 806 F.Supp. 90, 95 (E.D.Va.1992) (The ECOA does not "afford relief by way of an affirmative defense. A counterclaim certainly can be premised upon a violation of the ECOA, but such a violation cannot be alleged to avoid basic liability on the underlying debt.”);
 
 Diamond v. Union Bank & Trust,
 
 776 F.Supp. 542, 544 (N.D.Okla.1991) ("[T]here is no authority, in statutory language or case law, for the proposition that a violation of the ECOA renders an instrument void.”).