MAKAR, J.
 

 The issue in this case is whether Ocwen Loan Servicing, LLC, which seeks to foreclose on the residential real property of Annie J. Thomas, is required to affirmatively refute Thomas’s affirmative defenses to be entitled to summary judgment. We hold that it must and reverse. ,
 

 It is a well-worn principle that entitlement to summary judgment requires a plaintiff-movant to refute factually all affirmative defenses or show they are legally insufficient.
 
 See Chen v. Whitney Nat’l Bank,
 
 65 So.Sd 1170, 1172 (Fla. 1st DCA 2011) (“The party moving for summary judgment must factually refute or disprove the affirmative defenses or establish that the defenses are insufficient as a matter of law.”). This principle applies in the context of foreclosure proceedings.
 
 See, e.g., Haber v. Deutsche Bank Nat’l Trust Co.,
 
 81 So.3d 565, 566 (Fla. 4th DCA 2012);
 
 Morroni v. Household Fin. Corp. III,
 
 903 So.2d 311, 312 (Fla. 2d DCA 2005). Once a movant shows the absence of any genuine issues of material fact on its claims, it must go the next step and factually refute affirmative defenses or show they are legally insufficient.
 
 See Taylor v. Bayview Loan Servicing, LLC,
 
 74 So.3d 1115, 1117 (Fla. 2d DCA 2011).
 

 Here, Thomas raised twenty-three affirmative defenses, some of which may be valid, some of which may be defeated by Ocwen as legally insufficient or factually insupportable; we simply do not know on the insufficient record presented. Accordingly, we reverse the trial court’s order of summary judgment, vacate the final judg
 
 *1247
 
 ment entered in Ocwen’s favor, and remand for further proceedings.
 

 BENTON, C.J., and MARSTILLER, J., concur.