DAVIS, Judge.
Elena Gonzalez challenges the trial court’s final order denying her motion for relief from judgment in which she challenged the final summary judgment of mortgage foreclosure that the court had entered against her and in favor of Deutsche Bank National Trust Company.[1] *252 Because a genuine issue of material fact remains with regard to when Deutsche Bank took possession of the note, we reverse and remand for further proceedings.
On January 16, 2009, Deutsche Bank filed a two-count complaint against Gonzalez seeking to foreclose her mortgage and to reestablish the note. In its complaint, Deutsche Bank specifically alleged that “[t]he subject promissory note has been lost or destroyed and is not in the custody or control of the Plaintiff who is the owner and holder of the subject Note and mortgage and its whereabouts cannot be determined.”
However, on March 27, 2009, Deutsche Bank filed a Notice of Filing Original Note and Original Mortgage, attaching those documents and voluntarily dismissing count two of its complaint to reestablish the note. The last page of the attached note is a signature page signed by Gonzalez as the borrower. No other signatures appear on the page, but it is stamped “pay to the order of_without recourse by: American Home Mortgage Acceptance, Inc. Rosa Montella Asst. Secretary.” “Deutsche Bank National Trust Company CS Indenture Trustee” is handwritten in the blank, and it appears that Rosa Montella has initialed the notation. Neither is dated, however.
On August 4, 2009, Deutsche Bank filed a notice of filing the assignment of mortgage by which Mortgage Electronic Registration Systems, Inc., assigned the instant mortgage to Deutsche Bank effective December 27, 2009 — nearly a year after the foreclosure complaint was filed.
Gonzalez then filed her answer and affirmative defenses, alleging among other things that “the complaint fails to adequately show the chain of the title demonstrating that Plaintiff is in fact the real party in interest with standing to bring this action.”
Deutsche Bank ultimately moved for final summary judgment of foreclosure, and in opposition, Gonzalez argued that summary judgment is improper because the pleadings raise a question of material fact as to whether Deutsche Bank was the real party in interest at the time of the filing of the foreclosure action.
Following a hearing,[2] the trial court entered its final judgment of mortgage foreclosure. Gonzalez then filed a motion entitled “Motion from Relief From Final Judgment,” in which she cited Florida Rules of Civil Procedure 1.540 and 1.530. With respect to rule 1.530, Gonzalez argued that she was entitled to rehearing because
the exhibits attached to Plaintiffs complaint and filed in support of its motion for summary judgment are inconsistent with Plaintiffs allegations as to ownership of the subject promissory note and mortgage, Plaintiff has failed to establish itself as the real party in interest and has failed to state a cause of action. When exhibits are inconsistent with the plaintiffs allegations of material fact as to whom the real party in interest is, such allegations cancel each other out.
The trial court denied Gonzalez’s motion.
On appeal, Gonzalez argues that the trial court erred because the December 27, 2009, mortgage assignment that Deutsche Bank relied on to establish its standing to maintain the foreclosure action was insufficient in that it did not take effect until well after the foreclosure action was initiated. She also argues that a genuine issue of material fact remains as to when the special endorsement assigning the note to Deutsche Bank was signed.
*253 Deutsche Bank responds that the mortgage assignment is irrelevant and that when it filed the original promissory note on March 27, 2009, it perfected its status as the real party in interest because the last page of the note included an assignment of the note from American Home Mortgage Acceptance to Deutsche Bank.
We start with the basic premise that “[t]he holder of a note has standing to seek enforcement of the note.” Mortg. Elec. Registration Sys., Inc. v. Azize, 965 So.2d 151, 153 (Fla. 2d DCA 2007). And we do agree with Deutsche Bank that the fact that the assignment of the mortgage is not effective until December 27, 2009, is irrelevant and that the true issue is whether Deutsche Bank is the holder of the note. See WM Specialty Mortg., LLC v. Salomon, 874 So.2d 680, 682 (Fla. 4th DCA 2004) (“ ‘If the note or other debt secured by a mortgage [is] transferred without any formal assignment of the mortgage, or even a delivery of it, the mortgage in equity passes as an incident to the debt, unless there [is] some plain and clear agreement to the contrary ....’” (quoting Johns v. Gillian, 134 Fla. 575, 184 So. 140, 143 (1938))).
However, we also agree with Gonzalez that the trial court erred in granting Deutsche Bank’s motion for summary judgment because a genuine issue of material fact existed.
The standard of review on a summary judgment is de novo.[3] Estate of Githens ex rel. Seaman v. Bon Secours-Maria Manor Nursing Care Ctr., 928 So.2d 1272, 1274 (Fla. 2d DCA 2006).... The movant has the burden to prove the absence of a genuine issue of material fact, and “this court must view ‘every possible inference in favor of the party against whom summary judgment has been entered.’ ” Id. (quoting Maynard v. Household Fin. Corp. III, 861 So.2d 1204, 1206 (Fla. 2d DCA 2003)). And, “if the record raises even the slightest doubt that an issue might exist, that doubt must be resolved against the moving party and summary judgment must be denied.” Nard, Inc. v. DeVito Contracting & Supply, Inc., 769 So.2d 1138, 1140 (Fla. 2d DCA 2000). Furthermore, ... [a plaintiff seeking summary judgment] “must either factually refute the affirmative defenses or establish that they are legally insufficient.” Konsulian v. Busey Bank, N.A., 61 So.3d 1283, 1285 (Fla. 2d DCA 2011).
Taylor v. Bayview Loan Servicing, LLC, 74 So.3d 1115, 1116-17 (Fla. 2d DCA 2011).
Here, a genuine issue of material fact remains as to whether the note was assigned prior to Deutsche Bank instituting the foreclosure suit. Gonzalez placed the standing issue before the trial court by raising it in her affirmative defenses. Deutsche Bank then filed with the trial court the original note with the stamped assignment on the last page. The first page of the note does indicate a date of October 5, 2005, and presumably that is the date on which Gonzalez signed the note and closed on her property. The problem is that the additional stamp and handwritten notation transferring the note from American Home Mortgage to Deutsche Bank is not dated. Accordingly, Deutsche *254 Bank failed to establish its standing by showing that it possessed the note when it filed the lawsuit. See Country Place Cmty. Ass’n v. J.P. Morgan Mortg. Acquisition Corp., 51 So.3d 1176, 1179 (Fla. 2d DCA 2010) (“Because J.P. Morgan did not own or possess the note and mortgage when it filed its lawsuit, it lacked standing to maintain the foreclosure action.”). As a result, Deutsche Bank has not refuted Gonzalez’s affirmative defense, and a genuine issue of material fact exists that should have precluded the entry of summary judgment.
Accordingly we must reverse and remand for further proceedings.
SILBERMAN, C.J., and CASANUEVA, J., Concur.

. The remaining appellees made no appearance in this appeal but were named defendants in the foreclosure action below and thus are included as appellees pursuant to Florida Rule of Appellate Procedure 9.020(g)(2).

. The record before us does not include a transcript of this hearing.

. Deutsche Bank argues that the standard of review is abuse of discretion because Gonzalez is appealing the denial of her Motion for Relief from Final Judgment, which she filed pursuant to rule 1.540. See Leach v. Salehpour, 19 So.3d 342, 344 (Fla. 2d DCA 2009). However, regardless of how Gonzalez titled her postjudgment motion, in the text of the motion, she also cited rule 1.530 and argued that the trial court should not have granted summary judgment where a genuine issue of material fact remained.