WETHERELL, J.
James K. Lindsey appeals the final summary judgment entered in favor of Wells Fargo Bank in this mortgage foreclosure case. We reverse and remand for further proceedings because Wells Fargo failed to establish its standing to foreclose and, likewise, failed to refute Lindsey’s affirmative defense contesting Wells Fargo’s standing.
In March 2007, Lindsey executed and delivered a promissory note to Option One Mortgage. The note was secured by a mortgage on property owned by Lindsey in Duval County. Lindsey stopped making payments on the note in January 2009, and he was thereafter given due notice that he was in default on his obligations under the note.
On April 2, 2009, Wells Fargo filed a complaint to foreclose the mortgage in which it alleged that it “owns and holds the Note and Mortgage or is a person entitled to enforce the Note.” The copy of the note and mortgage attached to the complaint named Option One as the lender and mortgagee. Wells Fargo subsequently filed the *905 original note with the court along with an Assignment of Mortgage dated April 10, 2009, showing the transfer of the mortgage from Option One to Wells Fargo effective March 26, 2009. The Assignment of Mortgage did not purport to transfer the note, and the original note filed with the court did not include a special endorsement to Wells Fargo or a blank endorsement.
Lindsey answered the complaint in due course. The answer specifically denied the allegation that Wells Fargo owns and holds the note and mortgage. The answer also raised several affirmative defenses, including a claim that Wells Fargo lacked standing because it did not own the note and mortgage when the foreclosure complaint was filed.[1] Wells Fargo filed a motion to strike this defense as baseless, but the trial court denied the motion.
In February 2012, Wells Fargo moved for summary judgment. In support of the motion, Wells Fargo filed affidavits attesting to Lindsey’s payment history, the default letter sent to Lindsey, the total amount owed on the note, and the attorney’s fees and costs incurred in this action. The affidavits did not attest to Wells Fargo’s ownership of the note. Wells Fargo did file a “Certification of Compliance” form completed by its attorney stating that Wells Fargo “holds the note and the rights there under through assignment by the previous note holder” and indicating that the original note had been filed with the court; however, the form was unsworn and the space provided on the form for the date the purported note assignment was filed with the court was blank.
Wells Fargo asserted in its motion for summary judgment that the affirmative defense challenging its standing was legally insufficient because the note was a “bearer instrument” that Wells Fargo was entitled to enforce as the holder of the note. The argument in support of the motion (which simply incorporated by reference the argument in Wells Fargo’s previously denied motion to strike Lindsey’s affirmative defenses) relied heavily on Riggs v. Aurora Loan Services, LLC, in which the court explained that “possession of the original note, indorsed in blank, was sufficient under Florida’s Uniform Commercial Code to establish that it was the lawful holder of the note, entitled to enforce its terms.” See 36 So.3d 932, 933 (Fla. 4th DCA 2010) (emphasis added).
On April 10, 2012, following a hearing on Wells Fargo’s motion for summary judgment, the trial court entered a Final Judgment of Mortgage Foreclosure.[2] The *906 judgment made no findings on Wells Fargo’s standing, but by virtue of the relief granted, the court necessarily found that Wells Fargo had the requisite standing to initiate and maintain this action. The judgment set the foreclosure sale for the property secured by the note for June 4, 2012, but upon Lindsey’s motion, the trial court stayed the sale pending this appeal.
We review the trial court’s ruling on a motion for summary judgment de novo. See Chen v. Whitney Nat’l Bank, 65 So.3d 1170, 1172 (Fla. 1st DCA 2011). Summary judgment is proper where there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. Id. The party seeking summary judgment must also factually refute any affirmative defenses or establish that they are legally insufficient. Id.; see also Thomas v. Ocwen Loan Servicing, LLC, 84 So.3d 1246 (Fla. 1st DCA 2012).
“To have standing to foreclose, it must be demonstrated that the plaintiff holds the note and mortgage in question.” Mazine v. M & I Bank, 67 So.3d 1129, 1132 (Fla. 1st DCA 2011); see also BAC Funding Consortium, Inc. v. Jean-Jacques, 28 So.3d 936, 938 (Fla. 2d DCA 2010). The plaintiff must have the requisite standing when the foreclosure complaint is filed. See Rigby v. Wells Fargo Bank, N.A., 84 So.3d 1195, 1196 (Fla. 4th DCA 2012) (quoting Venture Holdings & Acquisitions Grp., LLC v. A.I.M. Funding Grp., LLC, 75 So.3d 773, 776 (Fla. 4th DCA 2011)).
Thus, in this case, Wells Fargo had the burden to demonstrate that it held Lindsey’s note and mortgage on April 2, 2009, the date it filed its complaint for foreclosure. We agree with Lindsey that, on the record presented, summary judgment was improper because Wells Fargo did not establish its standing or refute Lindsey’s affirmative defense claiming lack of standing. See Gonzalez v. Deutsche Bank Nat’l Trust Co., 95 So.3d 251, 253-54 (Fla. 2d DCA 2012) (reversing summary judgment because plaintiff failed to establish that it held the note when the foreclosure complaint was filed); Rigby, 84 So.3d at 1196 (same); Gee v. U.S. Bank Nat’l Ass’n, 72 So.3d 211, 213-14 (Fla. 5th DCA 2011) (same); BAC Funding Consortium, 28 So.3d at 938 (same).
The original note names Option One (not Wells Fargo) as the lender and, contrary to Wells Fargo’s argument, the note is not a “bearer instrument” because it was payable to Option One. See § 673.1091, Fla. Stat. (2011) (defining “payable to bearer,” and distinguishing instruments that are “payable to order”). Moreover, unlike the note in the Riggs case relied on by Wells Fargo, the original note in this case was not endorsed in blank or otherwise assigned to Wells Fargo. See Gee, 72 So.3d at 213 (explaining that if the note being sued upon in a foreclosure action does not name the plaintiff, the note must bear an endorsement in favor of the plaintiff or a blank endorsement or the plaintiff must submit evidence of an assignment of the note from the payee or an affidavit of ownership); see also § 671.201(5), Fla. Stat. (2011) (defining “bearer” as person in possession of negotiable instrument payable to such person or endorsed in blank).
The cases relied on by Wells Fargo in support of the trial court’s ruling do not sway us from our conclusion that Wells Fargo failed to establish its standing to foreclose; the cited cases are factually distinguishable from this case. In Taylor v. Deutsche Bank National Trust Company, 44 So.3d 618 (Fla. 5th DCA 2010), for example, the note included the same language as the note in this case: “I understand that the Lender may transfer this *907 Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under the Note is called the ‘Note Holder.’ ” But, unlike this ease, the summary judgment evidence in Taylor included a document assigning Deutsche Bank the original lender’s interest in both the mortgage and the note. Id. at 621. It was the assignment of the note, not the “note holder” language in the note, that gave Deutsche Bank standing to foreclose. Id. at 623. Similarly, in Harvey v. Deutsche Bank National Trust Company, 69 So.3d 300, 304 (Fla. 4th DCA 2011), the court held that the bank had standing to foreclose because it had possession of the original note that had been endorsed in blank. Likewise, in Taylor v. Bayview Loan Servicing, LLC, 74 So.3d 1115, 1117-18 (Fla. 2d DCA 2011), the court held that the plaintiff had standing to foreclose even without a written assignment of the mortgage because the mortgage follows the note and, as reflected in an allonge, the note was “endorsed without recourse” to the plaintiff prior to the filing of the foreclosure complaint.
Here, Wells Fargo filed a document showing that the mortgage was assigned to it by Option One. The document did not, however, assign the note. Moreover, even if the document could somehow be construed to have also assigned the note, it would raise a disputed issue of fact (thereby precluding summary judgment) as to whether the note was assigned before or after the foreclosure complaint was filed. See Vidal v. Liquidation Props., Inc., 104 So.3d 1274 (Fla. 4th DCA Jan.9, 2013); McLean v. JP Morgan Chase Bank Nat’l Ass’n, 79 So.3d 170, 173 (Fla. 4th DCA 2012); and cf. Gonzalez, 95 So.3d at 253 (noting that because the mortgage follows the note, the date the mortgage was assigned to the plaintiff is irrelevant so long as the record demonstrates that the note was assigned to the plaintiff before the foreclosure complaint was filed).
In sum, because the evidence of record failed to establish that Wells Fargo was the holder of the note and mortgage at the time the foreclosure complaint was filed, Wells Fargo failed to prove its standing (and failed to refute Lindsey’s affirmative defense challenging its standing) and, thus, the trial court erred in entering summary judgment in favor of Wells Fargo. Accordingly, we reverse the Final Judgment of Mortgage Foreclosure and remand for further proceedings.
REVERSED and REMANDED for further proceedings.
ROBERTS and MARSTILLER, JJ., concur.

. We find no merit in Wells Fargo’s argument that Lindsey waived this defense by not raising it in his motion to dismiss. First, lack of standing is not one of the issues listed in Florida Rule of Civil Procedure 1.140(b) that is waived if not raised in a motion to dismiss; it is an affirmative defense that is waived if not raised in the answer to the complaint. See Wells Fargo Bank, N.A. v. Reeves, 92 So.3d 249, 253 (Fla. 1st DCA 2012); Phadael v. Deutsche Bank Trust Co., 83 So.3d 893, 894 (Fla. 4th DCA 2012). Second, Wells Fargo did not argue below that the standing issue was not properly before the court because the issue was not raised in Lindsey’s motion to dismiss, but rather it argued that the issue was refuted by its summary judgment evidence. Third, because Lindsey’s answer denied the allegation in the complaint that Wells Fargo owns and holds the note, Wells Fargo had the burden to establish that it was the owner and holder of the note in order to obtain summary judgment. See Lizio v. McCullom, 36 So.3d 927, 929 (Fla. 4th DCA 2010) ("Where the defendant denies that the party seeking foreclosure has an ownership interest in the mortgage, the issue of owner-' ship becomes an issue the plaintiff must prove.”) (citing Carapezza v. Pate, 143 So.2d 346, 347 (Fla. 3d DCA 1962)).

. The judgment was entered three years after the complaint was filed (and 39 months after Lindsey last made a payment on the note), but there were significant periods of time— 7/18/09 to 5/13/10, 2/10/11 to 10/23/11, and *906 10/25/11 to 2/20/12 — during which there was inexplicably no record activity by the parties.