CIKLIN, J.
Michael and Elaine Seale (the “Homeowners”) appeal the final summary judgment of foreclosure entered in favor of Regions Bank (the “Bank”). The Homeowners argue that the trial court erred in entering summary judgment when their affirmative defenses were not factually refuted or found to be legally insufficient. Because one of the legally sufficient defenses was not factually refuted, we must reverse.
*650 In their answer, the Homeowners asserted five affirmative defenses, only three of which are relevant to this appeal.[1] The Homeowners alleged that the Bank lacked standing, that it failed to provide the required notice of default, acceleration, and opportunity to cure,[2] and that the Bank was not authorized to bring the action on behalf of the owner of the note. The defenses were struck as insufficiently pled, and on appeal, the Homeowners argue that the court erred in striking these defenses. We agree with the Homeowners that these defenses were sufficiently pled and thus erroneously struck. See Gonzalez v. NAFH Nat’l Bank, 93 So.3d 1054, 1057 (Fla. 3d DCA 2012) (‘“Where .... a defense is legally sufficient on its face and presents a bona fide issue of fact, it is improper to grant a motion to strike.’” (quoting Hulley v. Cape Kennedy Leasing Corp., 376 So.2d 884, 885 (Fla. 5th DCA 1979))).
Because the legally sufficient defenses were improperly struck, summary judgment was precluded if the defenses were not factually refuted. A wealth of case law makes it clear that in mortgage foreclosure cases, summary judgment is precluded if affirmative defenses are not factually refuted or shown to be legally insufficient. See Gonzalez v. Deutsche Bank Nat’l Trust Co., 95 So.3d 251 (Fla. 2d DCA 2012); Thomas v. Ocwen Loan Servicing, LLC, 84 So.3d 1246 (Fla. 1st DCA 2012); Taylor v. Bayview Loan Servicing, LLC, 74 So.3d 1115 (Fla. 2d DCA 2011); Konsulian v. Busey Bank, N.A., 61 So.3d 1283 (Fla. 2d DCA 2011); Alejandre v. Deutsche Bank Trust Co. Ams., 44 So.3d 1288 (Fla. 4th DCA 2010); Leal v. Deutsche Bank Nat’l Trust Co., 21 So.3d 907 (Fla. 3d DCA 2009); Frost v. Regions Bank, 15 So.3d 905 (Fla. 4th DCA 2009).
The record reflects that the defenses related to standing and authority to bring suit were refuted. However, nothing in the record refuted the Homeowners’ claim that the Bank did not provide the required notice of default and acceleration. Consequently, the trial court erred in entering summary judgment.

Reversed and remanded for farther proceedings.

WARNER and CONNER, JJ., concur.

. The Homeowners raised five affirmative defenses, all of which were struck by the trial court. On appeal, they discuss only three of those defenses. As such, we do not address the other two.

. Additionally, the Homeowners filed an affidavit attesting that the required notice was never received.