PER CURIAM.
Linda Zimmerman appeals a final judgment of foreclosure entered in favor of JP Morgan Chase Bank (“Chase”). Appellant raises multiple issues on appeal. We affirm on all except appellant’s argument that Chase failed to establish that it had standing to bring the foreclosure action. On this point Chase rightly concedes error. Standing to foreclose is a “crucial element” in any mortgage foreclosure proceeding and must be established at the inception of the lawsuit. McLean v. JP Morgan Chase Bank Nat’l Ass’n, 79 So.3d 170, 173 (Fla. 4th DCA 2012). Chase attached to the complaint a photocopy of appellant’s promissory note and mortgage listing Washington Mutual Bank, FA, as the lender. Over one year later, in support of its motion for summary judgment, Chase filed the original note containing an undated endorsement in blank, but failed to file any evidence establishing that Chase obtained possession of the endorsed note prior to filing the complaint.
*502 Because Chase failed to submit any record evidence proving that it had the right to enforce the note on the date the complaint was filed, a material issue of genuine fact exists as to whether Chase had standing at the time the lawsuit was filed, thereby precluding entry of summary judgment. See id.; Gonzalez v. Deutsche Bank Nat’l Trust Co., 95 So.3d 251, 254 (Fla. 2d DCA 2012). We therefore reverse the final judgment of foreclosure. On remand, Chase must show that it was the holder of the endorsed note on the date the complaint was filed. By contrast, if the evidence shows that the note was endorsed in blank after the lawsuit was filed or that Chase was not the holder of the note on that date, then Chase had no standing at the time the complaint was filed, in which case the trial court should dismiss the instant lawsuit and Chase must file a new complaint. See McLean, 79 So.3d at 175; Jeff-Ray Corp. v. Jacobson, 566 So.2d 885, 886 (Fla. 4th DCA 1990).

Reversed and remanded.

DAMÓORGIAN, C.J., GERBER and LEVINE, JJ., concur.