IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MARK PENNINGTON,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

     Appellant,

v.

CASE NO. 1D13-3072

OCWEN LOAN SERVICING,
LLC,

     Appellees.

_____/

Opinion filed September 16, 2014.

An appeal from the Circuit Court for Duval County.
William A. Wilkes, Judge.

George Gingo and James E. Orth, Jr. of Gingo & Orth, P.A., Titusville, for
Appellant.

Curtis A. Wilson of McCalla Raymer, LLC, Tampa for Ocwen Loan Servicing,
LLC, David D. Rottmann, Jacksonville, for Windsor Falls Condominium
Association, Inc., Colleen Colton of Shapiro & Fishman, Boca Raton, Colin Paul-
Anthony Blackwood of McGlinchey Stafford, for Appellees.

PER CURIAM.

     Mark Pennington appeals the final summary judgment entered in favor of

Ocwen Loan Servicing, LLC in this mortgage foreclosure case. Because Ocwen

failed to establish its standing to foreclose, or to refute Pennington's affirmative defense contesting standing, we reverse and remand for further proceedings.

In April 2007, Pennington executed a promissory note and mortgage on his condominium. While the lender for the mortgage was E.Q. Financial, Inc., Mortgage Electronic Registrations Systems, Inc. (MERS) was acting as nominee on behalf of E.Q. Financial. Attached to the note was an allonge[1] making the note payable to Countrywide Home Loans, Inc.

In January 2009, MERS transferred the mortgage and note to Ocwen. The transfer made no reference to the allonge or Countrywide. When Pennington failed to make payments, Ocwen filed a complaint to foreclose the mortgage. However, after filing the complaint Ocwen assigned the mortgage and note to Federal Home Loan Mortgage Corporation (Freddie Mac), who eventually assigned it back to Ocwen. In this final transfer, however, the assignment only referenced the mortgage and did not purport to transfer the note.

Pennington's answer to Ocwen's complaint raised an affirmative defense of lack of standing, arguing that Ocwen was not entitled to enforce the note. Ocwen moved for summary judgment and during a subsequent hearing on the matter

---

[1] "An allonge is a piece of paper annexed to a negotiable instrument or promissory note, on which to write endorsements for which there is no room on the instrument itself. Such must be so firmly affixed thereto as to become a part thereof." Booker v. Sarasota, Inc., 707 So. 2d 886, 887 (Fla. 1st DCA 1998) (quoting Black's Law Dictionary 76 (6th ed. 1990)).

2

Ocwen's records custodian admitted that the final assignment from Freddie Mac to Ocwen was only for the mortgage and not the note. Pennington moved for involuntary dismissal based on lack of standing, which the trial court denied. At the conclusion of the hearing, the trial court granted summary judgment for Ocwen.

We review a trial court's ruling on a motion for summary judgment de novo. Chen v. Whitney Nat'l Bank, 65 So. 3d 1170, 1172 (Fla. 1st DCA 2011). Summary judgment is proper where there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. Id. The party seeking summary judgment must also factually refute any affirmative defenses or establish that they are legally insufficient. Id.

"To establish standing to foreclose, it must be demonstrated that the plaintiff holds the note and mortgage in question." Mazine v. M & I Bank, 67 So. 3d 1129, 1132 (Fla. 1st DCA 2011). In the instant case, Ocwen failed to demonstrate it had standing to enforce the note. The allonge to the original note made it payable to Countrywide. Ocwen failed to provide any documentation of an assignment of Countrywide's interest to Ocwen. While Ocwen submitted a copy of a letter it had written to Pennington informing him of an assignment from Countrywide to Ocwen, the actual assignment itself was not produced below. See Richards v. HSNC Bank USA, 91 So. 3d 233, 235 (Fla. 5th DCA 2012) (reversing summary

judgment due to an inconsistency between an allonge to a promissory note and a later assignment of the note).

Further, the final assignment from Freddie Mac to Ocwen was only for the mortgage; Ocwen's own records custodian admitted as much below. Notwithstanding the lack of evidence to prove the Countrywide assignment, even if Ocwen did have standing at the commencement of the suit, it would have lost such standing when it no longer was legally entitled to own or enforce the note. See Lindsey v. Wells Fargo Bank, N.A., 139 So. 3d 903 (Fla. 1st DCA 2013) (reversing summary judgment for lack of standing because assignment was only for the mortgage and not the note).

Accordingly, we reverse the Summary Final Judgment of Foreclosure and remand for further proceedings.

REVERSED and REMANDED.

THOMAS, ROWE, and MAKAR, JJ., CONCUR.