IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

NATIONSTAR MORTGAGE, LLC,

      Appellant,

 v.

      Case No.  5D15-2892

PAUL J. KELLY AND BETH A. KELLY,

      Appellees.

_____/

Opinion filed July 29, 2016

Appeal from the Circuit Court for
Seminole County,
Edwin P.B. Sanders, Senior Judge.

Nancy M. Wallace, of Akerman LLP,
Tallahassee, and William P. Heller, of
Akerman LLP, Fort Lauderdale, and
Eric M. Levine, of Akerman LLP, West
Palm, for Appellant.

Debi V. Rumph, of the Law Offices of
Debi V. Rumph, Orlando, for Appellees.


EDWARDS, J.

      Nationstar Mortgage, LLC, ("Nationstar") appeals the involuntary dismissal of its

foreclosure action against Paul J. Kelly and Beth A. Kelly (collectively "Appellees"), on

the ground that it did not have standing to foreclose.  The evidence admitted at trial proved

that the mortgage and note were validly assigned pre-suit by MERS, as nominee for the

original payee, to the original foreclosure plaintiff. The original plaintiff then assigned the mortgage and note to Nationstar, which was subsequently substituted as the party plaintiff. At trial, Nationstar proved that Appellees defaulted on the loan and that they received a notice of default and acceleration of the loan.

The trial court correctly rejected Nationstar's first asserted basis of standing by ruling that mere possession of the blank-indorsed note did not prove Nationstar's standing because someone other than the original payee initially indorsed the note.[1] However, the trial court erred when it failed to find that Nationstar had standing to foreclose despite proof of valid, timely assignments of the note and mortgage. This Court held in *Taylor v. Deutsche Bank National Trust Co.*, 44 So. 3d 618, 622-23 (Fla. 5th DCA 2010), that evidence of a valid pre-suit assignment of the note and mortgage from the original payee or its nominee, MERS, to the foreclosure plaintiff was sufficient proof that the plaintiff held the note and mortgage and had standing to foreclose. Nationstar, through its documents and witness, established an unbroken chain of valid and timely assignments of the mortgage and note; therefore, the trial court erred in ruling that Nationstar had not proved standing. Because Nationstar had standing to foreclose, the trial court erred by ordering an involuntary dismissal. We reverse and remand for a new trial.

REVERSED AND REMANDED.

LAWSON, C.J., and WALLIS, J., concur.

---

[1] Nationstar admitted that the payee and the entity that indorsed the note were two different companies with similar names, but did not explain why that occurred or how it could be a valid indorsement.