Kathleen Ann SOUTHWART a/k/a Kathleen Southwart,
Appellant,

v.

The BANK OF NEW YORK, as Indenture, Trustee for the Encore Credit Receivables Trust 2005–2, and Donald Southwart, Seminole Lakes Homeowner's Association, Inc., and David Southwart, Appellees.

No. 4D14–3462.

District Court of Appeal of Florida, Fourth District.

Nov. 16, 2016.

Kathleen Southwart, Royal Palm Beach, pro se.

Joseph A. Apatov of McGlinchey Stafford, Fort Lauderdale, for appellee The Bank of New York, as Indenture, Trustee for the Encore Credit Receivables Trust 2005-2.

PER CURIAM.

The Bank of New York filed a foreclosure complaint against appellant. In appellant's answer, appellant denied the bank had complied with the conditions prece-dent. Specifically, appellant alleged that the bank had failed to mail the notice of default, mail a timely notice of default, and include the requisite language within the notice of default. Additionally, appellant raised failure to comply with the conditions precedent as well as lack of standing as affirmative defenses.

The bank moved to strike appellant's affirmative defenses. The trial court granted the bank's motion. Subsequently, the bank moved for summary judgment. The bank stated it had complied with the conditions precedent of the mortgage, and attached an unauthenticated default letter as well as a copy of the envelope addressed to appellant with a tracking number. The lower court granted summary judgment. Appellant appeals.

We review an order granting summary judgment de novo. *See Volusia Cty. v. Aberdeen at Ormond Beach, L.P.,* 760 So.2d 126, 130 (Fla.2000).

■ We conclude that the bank did not meet its burden for summary judgment. The bank submitted an unauthenticated notice of default in support of its motion. This is insufficient. *See DiSalvo v. Sun-Trust Mortg., Inc.,* 115 So.3d 438, 439–40 (Fla. 2d DCA 2013); *see also Bifulco v. State Farm Mut. Auto. Ins. Co.,* 693 So.2d 707, 709 (Fla. 4th DCA 1997) ("Merely attaching documents which are not 'sworn to or certified' to a motion for summary judgment does not, without more, satisfy the procedural strictures inherent in Fla. R. Civ. P. 1.510(e).").

■ The bank argues that appellant's affirmative defenses were not properly before the lower court because the court had previously struck them. However, the lower court had not struck appellant's answer, which denied that the bank complied with the conditions precedent. Furthermore, appellant's denial was adequate under Florida Rule of Civil Procedure 1.120(c). Thus, the matter was properly

before the trial court. *See DiSalvo*, 115 So.3d at 440.

Finally, we also conclude the lower court erred in striking appellant's affirmative defenses that alleged failure to comply with conditions precedent and lack of standing. Appellant's affirmative defenses were legally sufficient, and "[w]here ... a defense is legally sufficient on its face and presents a bona fide issue of fact, it is improper to grant a motion to strike." *Seale v. Regions Bank*, 121 So.3d 649, 650 (Fla. 4th DCA 2013) (quoting *Gonzalez v. NAFH Nat'l Bank*, 93 So.3d 1054, 1057 (Fla. 3d DCA 2012)).

We therefore reverse and remand for further proceedings consistent with this opinion. As for the remaining issues on appeal, we find them to be without merit and affirm without comment.

*Reversed and remanded.*

MAY, GERBER and LEVINE, JJ., concur.