WHATLEY, Judge.
 

 Terra Firma Holdings appeals a summary final judgment of foreclosure entered in favor of Fairwinds Credit Union. We reverse.
 

 The sole basis pleaded by Fair-winds in the mortgage foreclosure complaint, which was filed on August 17, 2007, was that Terra Firma defaulted by failing to make a June 15, 2007, payment. Based on that asserted default, Fairwinds elected to accelerate the balance of the payments due under the mortgage and a promissory note. However, in seeking summary judgment, Fairwinds did not conclusively establish that the June 15, 2007, payment was not made. To the contrary, the record contains evidence that this monthly payment was made in accordance with an agreement reached by the parties.
 

 On appeal, Fairwinds argues that, even if the June 15, 2007, payment was made, Terra Firma defaulted because it failed to pay the balance of the loan on the maturity date, August 15, 2007. However, maturity as a basis of default was not pleaded. Notably, a modification was entered into in July 2007, extending the maturity date to August 15, 2007. Fairwinds never mentioned this modification to the trial court.
 

 Fairwinds could have asserted in its complaint filed August 17, 2007, that the obligation had matured, but it did not. Further, Fairwinds could have moved to amend its complaint pursuant to Florida Rule of Civil Procedure 1.190, asserting that the obligation had matured and that Terra Firma defaulted by not paying the balance of the loan. This also was not done.
 

 “[Ijssues in a cause are made solely by the pleadings.... ”
 
 Hart Props., Inc. v. Slack,
 
 159 So.2d 236, 239 (Fla.1963). “[T]he only instance in which legal issues not raised in the pleadings may be tried and decided is where the issue, although not pled, is tried by consent of the parties.”
 
 Id.
 
 In the present case, issues involving the maturity of the loan were not tried by consent.
 

 Because the pleaded basis asserted for the default was not proven, and because default as a result of failing to pay the matured obligation was not pleaded, we are compelled to reverse the final summary judgment.
 

 Reversed.
 

 WALLACE and KHOUZAM, JJ„ Concur.