VAN NORTWICK, J.
Moshe Mazine and Jaacov Bouskila appeal an amended final judgment of mortgage foreclosure in favor of M & I Bank, *1131 appellee. Because the documentary evidence necessary to establish the amount owed under the note and mortgage was admitted without proper foundation and it is undisputed that M & I Bank was not the holder of the mortgage and note, we reverse and remand for further proceedings.
The party seeking foreclosure must present evidence that it owns and holds the note and mortgage to establish standing to proceed with a foreclosure action. Servedio v. U.S. Bank Nat. Ass’n, 46 So.3d 1105 (Fla. 4th DCA 2010). Because a promissory note is a negotiable instrument and because a mortgage provides the security for the repayment of the note, the person having standing to foreclose a note secured by a mortgage may be either the holder of the note or a nonholder in possession of the note who has the rights of a holder. See § 673.3011, Fla. Stat. (2009); Taylor v. Deutsche Bank Nat. Trust Co., 44 So.3d 618 (Fla. 5th DCA 2010). An allegation of default in a complaint must be proven by competent evidence. See Terra Firma Holdings v. Fairwinds Credit Union, 15 So.3d 885 (Fla. 2d DCA 2009).
In January 2009, M & I Bank filed a complaint seeking foreclosure of a mortgage naming Mazine and Bouskila as party defendants. An amended complaint later followed, but the named plaintiff remained the same. After several motions challenging the sufficiency of service of process and personal jurisdiction, Bouskila eventually filed an answer which denied almost all of allegations of the amended complaint, including the allegation that Bouski-la secured a mortgage on the real property at issue and the allegation as to amount in default. Mazine did not file an answer but moved to dismiss the amended complaint on several grounds, including the ground that the entity listed on the note and mortgage was “M & I Marshall & Ilsley Bank,” not the named plaintiff, “M & I Bank.” The motion to dismiss was not considered by the trial court before the cause was heard at a bench trial.
The only witness to testify at the bench trial regarding the allegations of the amended complaint was David Taxdal, the regional security officer for “M & I Marshall and Ilsley Bank” in the State of Florida. According to Taxdal’s testimony, his “duties and responsibilities are fraud investigation, internal investigation and physical security for the branches” in Florida, and he does not originate loans, service loans or collect loans in default. Through Taxdal, the bank attempted to introduce several documents, including an affidavit as to amounts due and owing. The affidavit was executed by Michael Koontz, who did not appear at trial, and the bank sought to introduce it as a business record. Taxdal testified that he had no knowledge as to who prepared the documents submitted at trial by the bank as he is not involved in the preparation of documents such as the ones proffered by the bank, that he does not keep records as a records custodian, that he has no personal knowledge as to how the information in the affidavit as to the amounts due and owing was determined or whether it was prepared in the normal course of business, and that he did not know whether such information was accurate.
Counsel for the defendants vigorously opposed admission of the affidavit of indebtedness, the only evidence of the amount allegedly in delinquency, as a business record. Counsel observed that the affiant (Koontz) was not subject to cross-examination, and that given the matters to which Taxdal testified it was evident that Taxdal “has no knowledge of the basis upon which this affidavit was prepared.”
The trial court denied defendants’ objection and admitted the affidavit without explanation. This was error. Before a document may be admitted as a business record, a foundation for such ad *1132 mission must be laid. Section 90.803(6), Florida Statutes (2010), allows the admission of records of a regularly kept business activity when the business record was made at or near the time of the matters reported and when the business record is made by a person having personal knowledge of the matters reported or when the information supplied in the record is supplied by a person with knowledge. Further, it must be shown that the business record was kept in the ordinary course of a regularly conducted business activity and that it is the regular practice of the business keeping the record to make such a business record. Yisrael v. State, 993 So.2d 952 (Fla.2008). While it is not necessary to call the individual who prepared the document, the witness through whom a document is being offered must be able to show each of the requirements for establishing a proper foundation. Forester v. Norman Roger Jewell & Brooks, 610 So.2d 1369, 1373 (Fla. 1st DCA 1992).
Here, none of the requirements for admission of a business record were met. As noted, Taxdal candidly admitted that he had no knowledge as to the preparation or maintenance of the documents offered by the bank, including the affidavit as to amounts due and owing. Taxdal did not testify and, indeed, could not testify, that the affidavit as to the amounts owed was actually kept in the regular course of business. Further, he did not know if the source of the information contained in the affidavit was correct. He did not know if the amounts reported in the affidavit were accurate. There was no attempt to admit the affidavit by certification or declaration pursuant to section 90.803(6)(c), Florida Statutes.
Accordingly, because no foundation was laid, the admission of the affidavit was erroneous. Because the affidavit was the only evidence as to the amount of defendants’ default, the error was harmful necessitating that the amended final judgment of foreclosure be reversed.
Furthermore, the trial court erred in denying appellants’ motion for a directed verdict given the lack of proof that the named plaintiff and appellee, M & I Bank, holds the mortgage and note. “M & I Marshall & Ilsley Bank” is shown as the holder of both the note and mortgage. At the time the bank offered the affidavit as to amounts due and owing into evidence, Taxdal testified that M & I Bank FSB— which we assume is M & I Bank — and M & I Marshall and Ilsley Bank are different entities.[1] The amended judgment of foreclosure styles the prevailing party as “M & I Bank,” not “M & I Marshall and Ilsley Bank.” To have standing to foreclose, it must be demonstrated that the plaintiff holds the note and mortgage in question. See Khan v. Bank of America, N.A., 58 So.3d 927 (Fla. 5th DCA 2011), and Philogene v. ABN Amro Mtg. Group, Inc., 948 So.2d 45 (Fla. 4th DCA 2006). Therefore, because M & I Bank had not demonstrated it possessed the standing to proceed in the foreclosure action, we must reverse on this issue as well.
REVERSED and REMANDED for further proceedings consistent with this opinion.
LEWIS, and ROBERTS, JJ., concur.

. Although M & I Bank filed a motion to substitute a party by which M & I Marshall and Ilsley Bank was to be substituted for M & I Bank, the-trial court never acted upon this motion. We note that, while the name of the bank in the mortgage and note is spelled "M & I Marshall and Ilsley ”, the motion to substitute spells the name somewhat differently, "M & I Marshall and Ilsley " (italics added).