*1116
 
 PER CURIAM.
 

 Joyce and Lankford Taylor appeal a final judgment of foreclosure entered after the trial court granted a motion for summary judgment in favor of Bayview Loan Servicing, LLC. Because genuine issues of material fact remain regarding the Tay-lors’ affirmative defense of lack of notice, we reverse the final judgment and remand for further proceedings.
 

 On January 4, 2006, the Taylors signed a mortgage securing an indebtedness in the principal amount of $194,350, evidenced by a note Joyce Taylor signed on the same date. The mortgage names the lender as USMoney Source, Inc., d/b/a Soluna First (USMoney) and the mortgagee as Mortgage Electronic Registration Systems, Inc. (MERS), acting as a nominee for USMo-ney. Attached to the note is an allonge signed by the president of USMoney and dated January 4, 2006, that endorses the note without recourse to Bayview.
 

 On August 1, 2007, Bayview filed an unsworn two-count complaint against the Taylors. Count one sought to establish and enforce the note, and count two sought to foreclose the mortgage. Bayview alleged that it “owns and holds said note by virtue of the endorsement/allonge and said mortgage by virtue of the assignment of mortgage, copies of both of which are attached hereto.” No copy of the assignment of mortgage was attached to the complaint. Although Bayview alleged that it holds the note, Bayview further alleged that the original note was lost or destroyed after Bayview acquired it and that the exact time and manner of the loss or destruction was unknown to Bayview. Copies of the note, allonge, and mortgage were attached to the complaint. The complaint also contained the general allegation that “[a]ll conditions precedent to the filing of this action have been performed or have occurred.”
 

 The Taylors filed an answer and affirmative defenses. Among their affirmative defenses the Taylors asserted that Bay-view “is not the proper holder of the mortgage and therefore lacks standing to bring a foreclosure action.” The Taylors also asserted that Bayview “failed to give proper notice of the default in the payments on the note and mortgage” and thus was “es-topped from accelerating said debt.”
 

 On November 21, 2007, Bayview filed its motion for summary judgment and affidavit of indebtedness. Later, amended affidavits of indebtedness were filed. None of the affidavits mentioned an assignment of mortgage, and no documents were attached to the affidavits.
 

 Bayview did not file its reply to the Taylors’ affirmative defenses until June 17, 2008. In its reply, Bayview alleged that it met the notice requirements. Bayview also alleged that it was entitled to maintain the foreclosure action without a written assignment of mortgage because the transfer of the note was sufficient. Bayview subsequently filed the original note, al-longe, and mortgage.
 

 The trial court held a hearing on the motion for summary judgment on February 22, 2010. The record contains a notice of filing copy of assignment of mortgage dated February 10, 2010, but the notice was not filed until February 23, 2010. The assignment of mortgage reflects that it was executed on August 7, 2007, after the complaint was filed. The trial court granted summary judgment and rendered the final judgment of foreclosure.
 

 The standard of review on a summary judgment is de novo.
 
 Estate of Githens ex rel. Seaman v. Bon Secours-Maria Manor Nursing Care Ctr.,
 
 928 So.2d 1272, 1274 (Fla. 2d DCA 2006). “A movant is entitled to summary judgment ‘if the pleadings, depositions, answers to inter
 
 *1117
 
 rogatories, admissions, affidavits, and other materials as would be admissible in evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.’ ”
 
 Id.
 
 (quoting Fla. R. Civ. P. 1.510(c)). The movant has the burden to prove the absence of a genuine issue of material fact, and “this court must view ‘every possible inference in favor of the party against whom summary judgment has been entered.’ ”
 
 Id.
 
 (quoting
 
 Maynard v. Household Fin. Corp. Ill,
 
 861 So.2d 1204, 1206 (Fla. 2d DCA 2003)). And, “if the record raises even the slightest doubt that an issue might exist, that doubt must be resolved against the moving party and summary judgment must be denied.”
 
 Nard, Inc. v. DeVito Contracting & Supply, Inc.,
 
 769 So.2d 1138, 1140 (Fla. 2d DCA 2000). Furthermore, to be entitled to summary judgment, the movant must not only establish that there are no genuine issues of material fact regarding the parties’ claims, but also the movant “must either factually refute the affirmative defenses or establish that they are legally insufficient.”
 
 Konsuli-an v. Busey Bank, N.A.,
 
 61 So.3d 1283, 1285 (Fla. 2d DCA 2011).
 

 We reject the Taylors’ argument that Bayview lacked standing to foreclose the mortgage. The Taylors’ affirmative defense asserted, and they argue on appeal, that the assignment of mortgage did not occur until after the complaint was filed.
 
 See Country Place Cmty. Ass’n v. J.P. Morgan Mortg. Acquisition Corp.,
 
 51 So.3d 1176, 1179 (Fla. 2d DCA 2010) (stating that the plaintiff lacked standing to bring the foreclosure action when it did not own or possess the note and mortgage when it filed the lawsuit);
 
 Jeff-Ray Corp. v. Jacobson,
 
 566 So.2d 885, 886 (Fla. 4th DCA 1990) (determining that a complaint to foreclose a mortgage did not state a cause of action when it was filed because the assignment of mortgage to the plaintiff was dated four months after the lawsuit was filed).
 

 But Bayview contends that its standing to foreclose derives from the allonge to the note because the mortgage follows the note. Bayview argues that when USMo-ney transferred to Bayview the note which the mortgage secured, Bayview received equitable standing to foreclose the mortgage, even without a written assignment. We agree.
 

 Bayview alleged in its complaint that it “owns and holds said note by virtue of the endorsement/allonge.” Bayview attached copies of the note and allonge to its complaint. The note and the allonge reflect that on the same day that Joyce Taylor executed the note in favor of USMoney, USMoney in turn endorsed the note without recourse to Bayview. Before the summary judgment hearing, Bayview filed the original note and the allonge. Thus Bay-view established its status as holder of the note and its right to enforce the note.
 
 See
 
 § 671.201(20), Fla. Stat. (2005) (“ ‘Holder,’ with respect to a negotiable instrument, means the person in possession if the instrument is payable to bearer or, in the case of an instrument payable to an identified person, if the identified person is in possession.”);
 
 Mortg. Elec. Registration Sys., Inc. v. Azize,
 
 965 So.2d 151, 153 (Fla. 2d DCA 2007) (“The holder of a note has standing to seek enforcement of the note.”);
 
 Kaminik v. Countrywide Home Loans, Inc.,
 
 64 So.3d 195, 196 (Fla. 4th DCA 2011) (affirming in part a summary final judgment of foreclosure where the plaintiff “tendered the original promissory note to the trial court, which contained a special indorsement in its favor”);
 
 Riggs v. Aurora Loan Servs., LLC,
 
 36 So.3d 932, 933 (Fla. 4th DCA 2010) (“Aurora’s possession of the original note, indorsed in blank,
 
 *1118
 
 was sufficient under Florida’s Uniform Commercial Code to establish that it was the lawful holder of the note, entitled to enforce its terms.”),
 
 review denied,
 
 53 So.3d 1022 (Fla.2011).
 

 Bayview also became the equitable owner of the mortgage when USMoney endorsed the note to Bayview because the ownership of the mortgage followed the note. In
 
 Johns v. Gillian,
 
 134 Fla. 575, 184 So. 140, 143 (1938), the Supreme Court of Florida summarized the law pertinent to the issue under review as follows:
 

 [I]t has frequently been held that a mortgage is but an incident to the debt, the payment of which it secures, and its ownership follows the assignment of the debt. If the note or other debt secured by a mortgage be transferred without any formal assignment of the mortgage, or even a delivery of it, the mortgage in equity passes as an incident to the debt, unless there be some plain and clear agreement to the contrary, if that be the intention of the parties.
 

 Johns
 
 stands for the proposition that a mortgage — as a mere incident to the debt it secures — follows the note
 
 unless
 
 the parties have clearly expressed a contrary intent. The First District Court of Appeal has cited
 
 Johns
 
 and other cases in support of the following proposition: “Because the lien follows the debt, there was no requirement of attachment of a written and recorded assignment of the mortgage in order for the appellant to maintain the foreclosure action.”
 
 Chem. Residential Mortg. v. Rector,
 
 742 So.2d 300, 300-01 (Fla. 1st DCA 1998) (footnote omitted). Because ownership of the mortgage followed the note in the absence of a contrary intention and Bayview owned and held the note when it filed its lawsuit, Bayview has standing to maintain the underlying foreclosure action.
 
 See Mazine v. M & I Bank,
 
 67 So.3d 1129, 1131 (Fla. 1st DCA 2011) (“The party seeking foreclosure must present evidence that it owns and holds the note and mortgage to establish standing to proceed with a foreclosure action.”).
 

 Notably, the Taylors did not assert that the parties did not intend for the mortgage to follow the note, and they did not present any evidence in support of that proposition after Bayview filed with the trial court the original note, allonge, and mortgage. The mortgage itself reflects the parties’ intent that the mortgage would follow the note in the event of a sale. In addressing the subject of a sale or partial sale of the note in paragraph 20, the mortgage contemplates a sale of the note “together with this Security Instrument.” The note and the allonge reflect that USMoney sold the note to Bayview on the same day that the note and the mortgage were executed. The allonge also lists the “secured property address.” Thus the attachments to the complaint establish that Bayview acquired all of USMoney’s rights under both the note and the mortgage on January 4, 2006, before it filed the underlying action. Therefore, we conclude that Bayview refuted the Taylors’ affirmative defense and established its standing to foreclose the note and mortgage.
 

 With respect to the affirmative defense of lack of notice, Bayview failed to refute this affirmative defense; it therefore prevents summary judgment in this case. Bayview made a general allegation that all conditions precedent had been performed, but the motion for summary judgment and affidavits do not negate the affirmative defense that Bayview failed to give proper notice of the default in the payments on the note and mortgage. Paragraph 22 of the mortgage, attached to the complaint, requires the lender to give the borrower notice prior to acceleration of the debt. In fact, the notice provision is the
 
 *1119
 
 same as the one in
 
 Konsulian. See Konsulian,
 
 61 So.3d at 1284. There, the lender failed to establish that it met the condition precedent of providing the requisite notice when the borrower raised the issue as an affirmative defense; therefore, the lender was not entitled to summary judgment.
 
 Id.
 
 at 1285;
 
 see also Goncharuk v. HSBC Mortg. Servs., Inc.,
 
 62 So.3d 680, 682 (Fla. 2d DCA 2011) (reversing summary judgment for plaintiffs failure to address in its motion for summary judgment and affidavits the affirmative defense of lack of notice);
 
 Lazuran v. Citimortgage, Inc.,
 
 35 So.3d 189, 189-90 (Fla. 4th DCA 2010) (reversing summary judgment where the plaintiff failed to refute the affirmative defense of lack of notice). For this reason, summary judgment was premature. Therefore, we reverse the final judgment of foreclosure and remand for further proceedings.
 

 Reversed and remanded.
 

 SILBERMAN, C.J., and NORTHCUTT and WALLACE, JJ., Concur.