NORTHCUTT, Judge.
Jorge Cerrón, pro se, appeals a final summary judgment of foreclosure on a mortgage in favor of GMAC Mortgage, LLC, the successor to the original lender. We reverse because GMAC failed to refute Cerron’s affirmative defense alleging lack of notice.
GMAC filed a complaint seeking to foreclose a mortgage given by Cerrón, and it alleged generally that all conditions precedent to acceleration had been performed or had occurred. The complaint attached a copy of the mortgage, paragraph 22 of which required the lender to give thirty days’ written notice of default prior to acceleration. Cerrón filed a pro se answer, which was not a model pleading. The answer set forth several pages of narrative in opposition to the foreclosure complaint and then alleged four affirmative defenses. The first affirmative defense asserted that GMAC failed to give timely notice of default and of the lender’s intent *457 to accelerate as required by the mortgage, note, and Florida law. Cerron’s answer included a plea for the court to dismiss the action.
GMAC subsequently filed a motion for summary judgment and asserted, in part, that Cerron’s affirmative defenses were legally insufficient. In support of its motion, GMAC filed an affidavit setting forth the amounts due and owing and an affidavit regarding attorney’s fees and costs. It subsequently filed a notarized, recorded document recounting that the mortgage had been assigned to GMAC on a date just prior to the filing of the complaint. GMAC also filed the note that was indorsed in blank. None of GMAC’s filings specifically addressed or refuted Cerron’s affirmative defenses.
The circuit court denied Cerron’s motion to dismiss and directed him to file an amended answer, which he did. In the amended answer, Cerrón specifically alleged as his seventh affirmative defense that GMAC failed to give a notice of default and that it thus failed to comply with a contractual condition precedent. GMAC filed updated affidavits of amounts due and attorney’s fees, but it never addressed Cerron’s affirmative defenses, either by affidavit or by memorandum in support of summary judgment.
On appeal, Cerrón argues that the circuit court erred in granting summary judgment when GMAC failed to refute his affirmative defenses. Based on our de novo review of the summary judgment, we agree. See Taylor v. Bayview Loan Servicing, LLC, 74 So.3d 1115, 1117 (Fla. 2d DCA 2011) (“The standard of review on a summary judgment is de novo.”). The party moving for summary judgment must show that there are no disputed issues of material fact and that it is entitled to judgment as a matter of law. Id. at 1116-17 (citing Fla. R. Civ. P. 1.150(c)). In addition, a plaintiff moving for summary judgment must refute the nonmoving party’s affirmative defenses. Id.; see also Coral Wood Page, Inc. v. GRE Coral Wood, LP, 71 So.3d 251, 253 (Fla. 2d DCA 2011).
On appeal, GMAC maintains that Cer-rón had the burden to file an affidavit stating that he never received a notice of default, at which point GMAC would have been required to refute the contention with contrary evidence. That is incorrect. A plaintiff moving for summary judgment must either conclusively refute the factual bases for the defendant’s affirmative defenses or show that the defenses are legally insufficient. Coral Wood Page, 71 So.3d at 253. As in Taylor and Konsulian v. Busey Bank, N.A., 61 So.3d 1283 (Fla. 2d DCA 2011), when Cerrón alleged GMAC’s failure to provide a contractually required notice of default, GMAC’s burden on summary judgment was to show that it had satisfied this condition precedent. It failed to do so.
Reversed and remanded.
SILBERMAN, C.J., and CRENSHAW, J., Concur.