NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOHN OLIVERA, as Personal )
Representative of the Estate of Nelsa )
Plaja, deceased, )
)
        Appellant, )
)
v. )     Case No: 2D13-629
)
BANK OF AMERICA, N.A. as successor )
by merger to BAC Home Loan Servicing, )
L.P., )
)
        Appellee. )
_____ )

Opinion filed July 11, 2014.

Appeal from the Circuit Court for
Hillsborough County; Sandra Taylor,
Senior Judge.

Andrea H. Duenas of the Law Office of
A. Duenas, P.A., Lantana; Brian K. Korte
and Scott J. Wortman of Korte & Wortman,
P.A., West Palm Beach, for Appellant.

Curtis A. Wilson of McCalla Raymer, LLC,
Orlando, for Appellee.


WALLACE, Judge.

        John Olivera, as the personal representative of the Estate of Nelsa Plaja,

deceased, appeals a final summary judgment of foreclosure entered against Ms. Plaja,

and in favor of Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, L.P. (BOA). Because there remain genuine issues of material fact about BOA's standing to foreclose on the subject note and mortgage, we reverse the final summary judgment of foreclosure and remand for further proceedings. We further observe that although the record suggests that notice of acceleration was sent to Ms. Plaja, BOA failed to introduce admissible evidence to refute Ms. Plaja's affirmative defense about compliance with a condition precedent in the mortgage, which required written notice of acceleration.[1]

## I. THE FACTS AND PROCEDURAL BACKGROUND

On June 22, 2006, Nelsa Plaja executed a note in favor of Ocwen Loan Servicing, LLC (Ocwen), and a mortgage on the subject real property in favor of Mortgage Electronic Registration Systems, Inc. (MERS), as Ocwen's nominee. On December 22, 2009, BAC Home Loans Servicing, L.P., f/k/a Countrywide Home Loans Servicing, L.P. (BAC) filed a foreclosure complaint against Ms. Plaja on the note and mortgage. BAC alleged that it was the servicer for the owner and was acting as the designated holder of the note and mortgage. BAC alleged further that the mortgage had been subsequently assigned to BAC, which assignment was to be recorded. The complaint also asserted that Ms. Plaja defaulted on the note on September 1, 2009, and that all of the conditions precedent to acceleration of the note and to foreclosure of the

---

[1]Mr. Olivera also argues on appeal that the trial court erred in granting summary judgment because BOA's affidavit in support of its motion for summary judgment did not comply with Florida Rule of Civil Procedure 1.510 and because material discovery remained outstanding. In light of our decision to reverse the final summary judgment of foreclosure, these points are moot and do not warrant further discussion.

mortgage had been met. BAC attached copies of the note and mortgage to the complaint.

Ms. Plaja filed an answer to the complaint in which she generally denied BAC's allegations that it was the servicer for the owner, was acting on behalf of the owner, was the current designated holder of the note and mortgage, and that the mortgage had been assigned to it. She asserted in her affirmative defenses that BAC lacked standing to foreclose on the note and mortgage and that it had failed to comply with the conditions precedent to foreclosure. Specifically, she alleged that "[t]he Complaint fails to establish a reasonable chain of ownership for the promissory note. Therefore, Plaintiff lacks standing to bring this action. Plaintiff is not a party to the mortgage instrument or the promissory note which is the subject of this foreclosure action." Ms. Plaja further argued that "[a]lthough Plaintiff claims to be the owner of the promissory Note, the Note/Mortgage submitted indicates that Ocwen Loan Servicing, LLC is the holder of the Note/Mortgage." With regard to the conditions precedent, Ms. Plaja specifically alleged that BAC had failed to give her notice of acceleration as required under paragraph 22 of the mortgage.

On May 26, 2011, about eighteen months after BAC had filed the complaint, BAC filed the original note and a copy of the mortgage. Unlike the copy of the note attached to the complaint, the original note filed by BAC contains two undated indorsements, which are stamped onto the back of the second page of the note. One indorsement states, "PAY TO THE ORDER OF COUNTRYWIDE HOME LOANS, INC., WITHOUT RECOURSE, COUNTRYWIDE BANK, N.A. AS AGENT FOR OCWEN LOAN SERVICING LLC." This indorsement was signed by Maher Abdalla, Collateral

Processing Officer. The other indorsement is in blank and states, "PAY TO THE ORDER OF _____ WITHOUT RECOURSE, COUNTRYWIDE HOME LOANS, INC." This indorsement was signed by David A. Spector, Managing Director.

On May 7, 2012, the trial court entered an order substituting Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, L.P., as the plaintiff in the underlying matter. Accordingly, BOA became BAC's successor in interest. On June 6, 2012, BOA filed an original assignment of the mortgage. The assignment, dated June 14, 2011, purports to transfer the mortgage from "MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE OCWEN LOAN SERVICING, LLC" to "BAC HOME LOANS SERVICING, L.P. F/K/A COUNTRYWIDE HOME LOANS SERVICING, L.P." Notably, the date of the assignment is about eighteen months later than the date that BAC began the foreclosure action.

BOA filed its motion for summary judgment on October 10, 2012. In support of its motion, BOA filed the affidavit of Stacy Lynn Carr, an Assistant Vice President of BOA. Ms. Carr averred that BOA had possession of the promissory note, which had been duly indorsed, and that BOA, as successor to BAC, was the assignee of the mortgage. But Ms. Carr's affidavit does not establish when the indorsements were made or when BAC, its predecessor in interest, became the holder of the note and mortgage. Moreover, the assignment of the mortgage to BAC postdates the foreclosure complaint. And neither the motion for summary judgment nor Ms. Carr's affidavit address Ms. Plaja's affirmative defenses.

Ms. Plaja filed a memorandum in opposition to the motion for summary judgment and her affidavit in opposition. In her memorandum, Ms. Plaja argued that

- 4 -

BOA lacked standing to foreclose because it had not provided any document evidencing its relationship to the original lender or any assignment of right in its favor. In her affidavit, Ms. Plaja averred that she never received a demand letter prior to the initiation of the foreclosure action.

Following a hearing, the circuit court granted summary judgment in favor of BOA and entered a Uniform Final Judgment of Foreclosure in favor of BOA. Mr. Olivera filed this appeal.

## II. THE STANDARD OF REVIEW

We review an order granting summary judgment de novo. Taylor v. Bayview Loan Servicing, LLC, 74 So. 3d 1115, 1116 (Fla. 2d DCA 2011).

> A movant is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, admissions, affidavits, and other materials as would be admissible in evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The movant has the burden to prove the absence of a genuine issue of material fact, and this court must view every possible inference in favor of the party against whom summary judgment has been entered. And, if the record raises even the slightest doubt that an issue might exist, that doubt must be resolved against the moving party and summary judgment must be denied.

Id. at 1116-17 (citations omitted) (internal quotation marks omitted). In addition, BAC must not only establish that there exist no genuine issues of material fact regarding its claims, but it must also either factually refute the affirmative defenses or establish that they are legally insufficient. See id. at 1117.

### III. MATERIAL ISSUES OF FACT ABOUT STANDING

On appeal, Mr. Olivera argues that BOA, as BAC's successor in interest, lacked standing to foreclose on the subject note and mortgage because BAC was not a party to the original loan documents and failed to proffer any evidence about when it acquired its interest in the note. Mr. Olivera points out that the undated indorsements on the note do not establish BAC's standing when the action in the circuit court commenced. Moreover, the June 14, 2011, assignment of the mortgage from MERS to BAC postdates the filing of the underlying action.

We agree with Mr. Olivera's argument that there remained genuine issues of material fact about BAC's, and hence BOA's, standing to foreclose that precluded the entry of summary judgment. Nothing in the record reflects a chain of transfer of interest in the note from the original lender, Ocwen, to BAC, the original plaintiff, or that BAC became the holder of the note before it filed the subject complaint. See BAC Funding Consortium Inc. ISAOA/ATIMA v. Jean-Jacques, 28 So. 3d 936, 938 (Fla. 2d DCA 2010) ("The proper party with standing to foreclose a note and/or mortgage is the holder of the note and mortgage or the holder's representative."). And, the assignment of mortgage to BAC postdates the underlying action. See Focht v. Wells Fargo Bank, N.A., 124 So. 3d 308, 310 (Fla. 2d DCA 2013) ("[S]tanding must be established as of the time of filing the foreclosure complaint.").

The note contains an indorsement in blank by Countrywide Home Loans, Inc., which potentially could establish BAC's, and hence BOA's, status as holder when

BAC took possession of the note.[2]  See § 671.201(21)(a), Fla. Stat. (2009) (" 'Holder' means . . . [t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession."); see also Taylor, 74 So. 3d at 1117 (noting same); Riggs v. Aurora Loan Servs., LLC, 36 So. 3d 932, 933 (Fla. 4th DCA 2010) ("Aurora's possession of the original note, indorsed in blank, was sufficient under Florida's Uniform Commercial Code to establish that it was the lawful holder of the note, entitled to enforce its terms.").  Although Ms. Carr alleged in her affidavit that BOA had possession of the note, which had been duly indorsed, Ms. Carr's affidavit does not establish when its predecessor, BAC, took possession of the note or that such possession occurred before the commencement of the underlying action.

Ms. Plaja raised standing as an affirmative defense in her answer and specifically alleged that the complaint failed to establish a reasonable chain of ownership of the note and mortgage.  And BOA "was required to establish, through admissible evidence, that it held the note and mortgage and so had standing to foreclose the mortgage before it would be entitled to summary judgment in its favor." Jean-Jacques, 28 So. 3d at 939.  Accordingly, we reverse the summary judgment in favor of BOA because there remained genuine issues of material fact about BOA's standing to foreclose that precluded the entry of summary judgment in its favor.

---

[2]Nothing in the record establishes any relationship between BAC Home Loans Servicing, L.P., f/k/a Countrywide Home Loans Servicing, L.P. and the entities identified in the indorsements, Countrywide Home Loans, Inc., or Countrywide Bank, N.A., as agent for Ocwen Loan Servicing, LLC.  More important, the undated indorsements, which were not attached to the complaint, do not establish that any of the foregoing entities owned or held the note when BAC filed the complaint.

## IV. MATERIAL ISSUES OF FACT ABOUT THE SATISFACTION OF A CONDITION PRECEDENT

Mr. Olivera further argues that BOA failed to refute Ms. Plaja's affirmative defense that it did not comply with the condition precedent in paragraph 22 of the mortgage concerning notice of acceleration or to refute her averment that she did not receive such notice. BOA did not reply to Ms. Plaja's affirmative defense, and it did not address the defense in its motion for summary judgment. Morevoer, BOA did not file any admissible evidence to establish that its predecessor, BAC, had sent Ms. Plaja notice of acceleration of the note in accordance with paragraph 22 of the mortgage before BAC filed suit.

BOA points out, and the record reflects, that during discovery BAC provided Ms. Plaja with a copy of a notice of acceleration dated September 17, 2009, which predates the filing of the complaint by several months. But BOA acknowledges on appeal that it failed to enter the notice into evidence and requests that we remand for the sole purpose of allowing it to correct that error by submitting the notice into evidence.

BOA's concession reflects that it failed to refute Ms. Plaja's affirmative defense concerning satisfaction of a condition precedent to the underlying action and to establish that it was entitled to summary judgment as a matter of law. See Taylor, 74 So. 3d at 1117. For the reasons already stated, we decline BOA's invitation to limit the scope of the proceedings on remand to the correction of this deficiency.

## V. CONCLUSION

Because a genuine issue of material fact exists concerning BOA's standing to foreclose and because BOA did not refute Ms. Plaja's affirmative defense

concerning the satisfaction of a condition precedent, BOA was not entitled to summary judgment as a matter of law.  Accordingly we reverse the Uniform Final Judgment of Foreclosure and remand for further proceedings consistent with this opinion.

Reversed and remanded.


KELLY and CRENSHAW, JJ., Concur.