IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-5998

DANIEL and NANCY KIEFERT,

     Appellants,

v.

NATIONSTAR MORTGAGE, LLC,

     Appellee.

_____/

Opinion filed October 13, 2014.

An appeal from the Circuit Court for Duval County.
William A. Wilkes, Judge.

Thomas R. Pycraft, Jr., John J. Spence, and Michael Pelkowski of Pycraft Legal Services, LLC, St. Augustine, for Appellants.

Nancy M. Wallace, Kristen M. Fiore, and Michael J. Larson of Akerman LLP, Tallahassee, and William P. Heller of Akerman, LLP, Fort Lauderdale, for Appellee.

BENTON, J.

     Daniel and Nancy Kiefert appeal the final judgment of foreclosure entered against them following a non-jury trial, on grounds that Nationstar Mortgage, LLC

(Nationstar) did not prove standing. The Kieferts first raised lack of standing in two motions to dismiss, then pleaded it as a defense in their answer. We reverse because Nationstar failed to establish that the original plaintiff, Aurora Loan Services, LLC (Aurora), had standing to foreclose at the time Aurora filed the original foreclosure complaint.

To prove standing to foreclose a mortgage, a plaintiff must show that it is the holder both of the mortgage and of the note the mortgage secures. See Lindsey v. Wells Fargo Bank, N.A., 139 So. 3d 903, 906 (Fla. 1st DCA 2013) (citing Mazine v. M & I Bank, 67 So. 3d 1129, 1132 (Fla. 1st DCA 2011)). The plaintiff must prove it is a holder in due course of the note and mortgage both as of the time of trial and also that the (original) plaintiff had standing as of the time the foreclosure complaint was filed.[1] See id. (citing Rigby v. Wells Fargo Bank, N.A., 84 So. 3d 1195, 1196 (Fla. 4th DCA 2012)); see also Ryan v. Wells Fargo Bank, N.A., 142 So. 3d 974, 974–75 (Fla. 4th DCA 2014) (holding the plaintiff failed to establish

---

[1] Even when the original plaintiff produces a duly endorsed note (after the inception of the case but) before another party is substituted as plaintiff, the complaint is subject to dismissal for lack of standing. See Olivera v. Bank of Am., N.A., 141 So. 3d 770, 771–774 (Fla. 2d DCA 2014) (reversing where original plaintiff filed a copy of the note with two, undated endorsements eighteen months after initially filing a complaint with an unendorsed copy of the note, not payable to the original plaintiff and, one year after the endorsed note was produced, another bank was substituted as plaintiff (stating that the substituted plaintiff failed to establish that the original plaintiff had possession of the endorsed note "before the commencement of the underlying action")).

standing when, among other things, it "did not demonstrate that the endorsement occurred prior to the filing of the initial complaint").

The plaintiff must prove not only physical possession of the original note but also, if the plaintiff is not the named payee, possession of the original note endorsed in favor of the plaintiff or in blank (which makes it bearer paper). See Focht v. Wells Fargo Bank, N.A., 124 So. 3d 308, 310–11 (Fla. 2d DCA 2013) (citing Green v. JPMorgan Chase Bank, N.A., 109 So. 3d 1285, 1288 (Fla. 5th DCA 2013)); Lindsey, 139 So. 3d at 906 (citing Gee v. U.S. Bank Nat'l Ass'n, 72 So. 3d 211, 213 (Fla. 5th DCA 2011)). If the foreclosure plaintiff is not the original, named payee, the plaintiff must establish that the note was endorsed (either in favor of the original plaintiff or in blank) before the filing of the complaint. See Ryan, 142 So. 3d at 975; Focht, 124 So. 3d at 310–11; McLean v. JP Morgan Chase Bank Nat'l Ass'n, 79 So. 3d 170, 174 (Fla. 4th DCA 2012).

In the present case, Aurora filed the foreclosure action, attaching to the original complaint an unendorsed copy of the note payable, not to Aurora, but to Lehman Brothers Bank, FSB. A year later, Aurora sought leave to file an amended complaint to which it attached a different copy of the note, now bearing endorsements making it bearer paper. The trial court granted Aurora's motion and allowed the amended complaint to supersede the original complaint. Separately, a year after the amended complaint was filed, the trial court substituted Nationstar

for Aurora.[2] See Olivera v. Bank of Am., N.A., 141 So. 3d 770, 771–774 (Fla. 2d DCA 2014) (reversing a final summary judgment of foreclosure because the original plaintiff lacked standing, despite the substituted plaintiff's possession of a duly endorsed note, which had been filed with the court nearly a year before the substitution).

At trial, the original of the note attached to the amended complaint came into evidence. That note bears two endorsements: the first, an endorsement from Lehman Brothers Bank, FSB to Lehman Brothers Holdings, Inc., and the second, an endorsement in blank by Lehman Brothers Holdings, Inc. Both endorsements were undated; neither answered the question whether the endorsement in blank antedated the filing of the original complaint. The only evidence Nationstar presented on this question was the testimony of one witness, Mr. Hyne, an employee of Nationstar. On cross-examination, the Kieferts' counsel pressed Mr. Hyne concerning his knowledge, if any, of when the note had been endorsed. But Mr. Hyne's testimony established only that Aurora was in possession of the note at the time the complaint was filed, not that the note had been endorsed at the time

---

[2] Pursuant to Florida Rule of Civil Procedure 1.260, a substituted plaintiff acquires the standing of the original plaintiff. See Brandenburg v. Residential Credit Solutions, Inc., 137 So. 3d 604, 605–06 (Fla. 4th DCA 2014) (affirming a final summary judgment of foreclosure because the substituted plaintiff showed that the original plaintiff had standing to foreclose).

4

the complaint was filed.[3]  In short, Nationstar failed to establish that Aurora had standing to foreclose at the time Aurora filed the original complaint.

Nationstar's subsequent acquisition of the note endorsed in blank cannot cure Aurora's lack of standing at the inception of the case.  See Focht, 124 So. 3d at 311–12 (stating the general principle that lack of standing in foreclosure actions is not a defect that can be cured after the case is filed) (citations omitted); Rigby,

---

[3]     [Kieferts' counsel]: [C]an you continue on and locate the amended complaint attached.
[Mr. Hyne]: Yes.
[Kieferts' counsel]: Does that note have endorsements?
[Mr. Hyne]: Yes.
[Kieferts' counsel]: When were those endorsements put on that note?
[Mr. Hyne]: I don't know.
[Kieferts' counsel]: Was your -- who was the holder of the note at the time you filed the lawsuit?
[Mr. Hyne]: Aurora Loan Services.
[Kieferts' counsel]: Do you know what a holder is?
. . . .
[Mr. Hyne]: Yes.
[Kieferts' counsel]: What is a holder?
[Mr. Hyne]: It's the entity that has possession of the document and has the ability to take the actions.
[Kieferts' counsel]: Do you know if the person has to have the endorsement in their favor or an endorsement in blank to be a holder?
. . . .
[Mr. Hyne]: I don't know.
[Kieferts' counsel]: Do you have any -- or have you reviewed any records that indicate that there was an endorsement on the note at the time of filing the lawsuit?
[Mr. Hyne]: No.

84 So. 3d at 1196; see also Olivera, 141 So. 3d at 771–74. We therefore reverse the final judgment of foreclosure. See Ryan, 142 So. 3d at 975; Hunter v. Aurora Loan Servs., LLC, 137 So. 3d 570, 574 (Fla. 1st DCA 2014).

Reversed.

LEWIS, C.J. and RAY, J., CONCUR.