DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARIE A. SEPTIMUS** and **VILNOR SEPTIMUS,**
Appellants,

v.

**CHRISTIANA TRUST**, a Division of Wilmington Savings Fund Society,
FSB, as Trustee for Normandy Mortgage Loan Trust, Series 2013-18;
**JPMORGAN CHASE BANK NATIONAL ASSOCIATION; COHEN
VENTURES LLC**; and **PALM BEACH PLANTATION HOMEOWNERS
ASSOCIATION INC.,**
Appellees.

No. 4D14-1781

[January 20, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Timothy P. McCarthy, Judge; L.T. Case No. 502010CA4935XXXXMB.

Brian Korte and Scott J. Wortman of Korte and Wortman, P.A., West Palm Beach, for appellants.

Thomas Wade Young and Joseph B. Towne of Lender Legal Services, LLC, Orlando, for appellee Christiana Trust.

CIKLIN, C.J.

Marie and Vilnor Septimus appeal a final judgment of foreclosure entered in favor of Christiana Trust, a division of Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage Loan Trust, Series 2013-18, and JPMorgan Chase Bank National Association ("the bank"). They contend, among other things, that the bank failed to prove standing. We agree and reverse.

A plaintiff must prove it had standing to foreclose at the time the complaint was filed. *McLean v. JP Morgan Chase Bank Nat'l Ass'n,* 79 So. 3d 170, 173 (Fla. 4th DCA 2012). Furthermore, "the plaintiff's lack of standing at the inception of the case is not a defect that may be cured by the acquisition of standing after the case is filed." *Id.* (quoting *Progressive Exp. Ins. Co. v. McGrath Cmty. Chiropractic*, 913 So. 2d 1281, 1285 (Fla.

2d DCA 2005)). Pursuant to Florida Rule of Civil Procedure 1.260, a substituted plaintiff acquires the standing of the transferor original plaintiff. *Brandenburg v. Residential Credit Solutions, Inc.*, 137 So. 3d 604, 605 (Fla. 4th DCA 2014); *see also Kiefert v. Nationstar Mortg., LLC*, 153 So. 3d 351, 353-54 (Fla. 1st DCA 2014) (reversing where successor plaintiff failed to establish that original plaintiff had standing to foreclose at the time the complaint was filed).

The bank, a successor plaintiff, failed to demonstrate that its predecessor had standing at the time the action was commenced. Although the bank eventually filed a blank-indorsed note, the note attached to the complaint did not contain the indorsement, and the bank points to no other evidence demonstrating standing at the time the complaint was filed. The bank asks this court to take judicial notice of the FDIC's assignment of the note and mortgage to its predecessor before the complaint was filed. However, even if standing were demonstrated by the assignment, this evidence was not admitted at trial, and our judicial notice would not change the fact that the trial court erred in entering judgment for the bank where it did not prove standing.

Because we reverse due to lack of standing, any remaining issues such as proof of damages are moot.

*Reversed.*

GROSS and GERBER, JJ., concur.

*    *    *

***Not final until disposition of timely filed motion for rehearing.***