DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JEAN W. CHERY,**
Appellant,

v.

**BANK OF AMERICA, N.A.,**
Appellee.

No. 4D14-3446

[January 27, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Kathleen D. Ireland, Senior Judge; L.T. Case No. 09-015175 (11).

James Jean-Francois of James Jean-Francois, P.A., Hollywood, for appellant.

H. Michael Muñiz of Kahane & Associates, P.A., Plantation, for appellee.

CONNER, J.

The Homeowner appeals the final judgment of foreclosure, arguing that Bank of America, N.A. ("BANA") failed to prove standing. In common with many foreclosure appeals, the issue of standing in this case focuses on undated indorsements on the note. Because BANA failed to prove that the original plaintiff had standing at the time suit was filed, we reverse.

*Factual Background and Trial Court Proceedings*

Countrywide Home Loans Servicing, L.P. ("Countrywide HLS") filed a two-count complaint against the Homeowner, seeking a mortgage foreclosure and enforcement of a lost note.[1] Attached to the complaint was a copy of a mortgage signed by the Homeowner, with Great Country Mortgage Bankers, Corp. ("Great Country") listed as the original lender. A copy of the note was not attached to the complaint. The complaint alleged that Countrywide HLS "owns and holds the Note and Mortgage."

---

[1] The lost note count was dropped after a copy of the note was filed with the trial court.

The Homeowner raised the plaintiff's standing to file suit in both her initial and amended affirmative defenses.

The trial court granted a motion by Countrywide HLS to substitute BAC Home Loans Servicing ("BAC"), formerly known as Countrywide HLS, as the plaintiff.  In the motion for substitution of plaintiff, Countrywide HLS explained that the basis for the substitution was that "[s]ubsequent to the commencement of this action, Plaintiff filed a name change to [BAC] with the State of Texas."

BAC filed a copy of the note, which contained four undated indorsements:

> 1. from Great Country to Countrywide Bank, FSB;
> 2. from Countrywide FSB to Countrywide Home Loans, Inc.;
> 3. from Countrywide Home Loans, Inc. to Countrywide HLS.; and
> 4. from Countrywide HLS indorsed in the blank.

The trial court granted a second motion to substitute plaintiff, this time filed by BAC, seeking to replace itself with BANA, since BAC merged into BANA.

Eventually, a non-jury trial on the mortgage foreclosure count was conducted.  BANA called one witness, who testified that the note had four indorsements.  However, the witness was unable to testify as to the date that any of the indorsements were placed on the note.  She did not testify as to the date the note was transferred from the original lender to Countrywide Bank, FSB, in part because the trial court interrupted the questioning on cross-examination with the comment:  "She already said she doesn't know the dates on the endorsement."  Although a screenshot of the business record information maintained by BANA was admitted into evidence, from which the witness testified that a subsidiary of Countrywide had possession of the note since May 29, 2007 (almost two years before suit was filed), the witness was not asked, and did not testify, that the business records showed the note was indorsed at the time suit was filed.

After denying the Homeowner's motion for involuntary dismissal, which included arguments as to standing, the trial court entered a final judgment foreclosing the mortgage.  The Homeowner gave notice of appeal.

*Appellate Analysis*

We review *de novo* whether a party has standing to bring an action.

2

*Dixon v. Express Equity Lending Grp., LLLP*, 125 So. 3d 965, 967 (Fla. 4th DCA 2013) (citing *Westport Recovery Corp. v. Midas*, 954 So. 2d 750, 752 (Fla. 4th DCA 2007)).

"[T]he plaintiff must prove that it had standing to foreclose when the complaint was filed." *McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 173 (Fla. 4th DCA 2012). Additionally, "[a] plaintiff alleging standing as a holder must prove it is a holder of the note and mortgage both as of the time of trial and also that the (original) plaintiff had standing as of the time the foreclosure complaint was filed." *Kiefert v. Nationstar Mortg., LLC*, 153 So. 3d 351, 352 (Fla. 1st DCA 2014).

Here, there were the four indorsements on the note, which can easily be followed from the original lender to BANA. However, the problem arises because there was no evidence that the note was indorsed in a manner to give the original plaintiff the status of holder at the time suit was filed.

In *Kiefert*, the First District explained that the bank in that case "must prove not only physical possession of the original note but also, if the plaintiff is not the named payee, possession of the original note *endorsed in favor of the plaintiff or in blank*." 153 So. 3d at 353 (emphasis added). BANA argues that since the witness testified that Countrywide, an entity subsequently acquired by BANA, had possession of the note on May 29, 2007, and there was a blank indorsement on the note when it was filed with the court, that proves the original plaintiff and BANA had standing to seek foreclosure of the mortgage. Such evidence was sufficient to prove BANA had standing at the time of trial, but the evidence was insufficient to prove the original plaintiff, an entity subsequently acquired by BANA, had standing at the time suit was filed.

We therefore reverse the final judgment of foreclosure, and remand the case with instructions that the trial court enter an order of involuntary dismissal. *See Colson v. State Farm Bank, F.S.B.*, 40 Fla. L. Weekly D879, *2 (Fla. 2d DCA Apr. 15, 2015).

*Reversed and remanded with instructions.*

GROSS and MAY, JJ., concur.

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**

3