DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SUSAN ELMAN** and **BRUCE ELMAN,**
Appellants,

v.

**U.S. BANK, N.A., TRUSTEE FOR THE HOLDER OF BEAR STEARNS ASSET BACKED SECURITIES I TRUST 2006-IM1,**
Appellee.

No. 4D14-2520

[April 6, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Donald W. Hafele, Judge; L.T. Case No. 2009CA016831(AW).

Brian Korte and Scott Wortman of Korte & Wortman, P.A., West Palm Beach, for appellants.

Donna L. Eng, Michael K. Winston and Dean A. Morande of Carlton Fields Jorden Burt, P.A., West Palm Beach, for appellee.

MAY, J.

The borrowers appeal a final judgment of foreclosure. They argue the trial court erred in entering the judgment because U.S. Bank ("bank") failed to prove standing. We agree and reverse.

The borrowers executed a note and mortgage with Pinnacle Financial Corporation ("Pinnacle"). The borrowers defaulted on February 1, 2009. On May 11, 2009, the bank filed a foreclosure complaint seeking reformation of the warranty deed and mortgage, foreclosure, and reestablishment of the lost note. Its amended complaint dropped the count to reestablish the note, and had a copy of the note attached to it containing an undated special endorsement from Pinnacle to Impac Funding Corporation ("Impac").

The loan number on the note was 11251***. An addendum contained an undated special endorsement allonge from Impac to the bank. The allonge had loan number 11035*****.

The third amended complaint re-alleged the reformation counts and foreclosure count. But the complaint now alleged that the bank was "the holder of the Mortgage Note and Mortgage." The borrowers filed an answer and raised affirmative defenses. The case proceeded to trial.

At trial, the bank introduced exhibit 3, a three-page untitled document containing many numbers and abbreviations. It contained a loan number of 12181*****, an old loan number of 72537***, and a new servicer loan number of 72015*****. It indicated the borrowers' name as Elman. The third page contained an investor loan number of 14720*** and named the investor as "EMC PMSR BSABS 2006-IM1."

On cross-examination, the bank's witness could not identify the date the allonge was affixed to the original note. She acknowledged that the loan number on the allonge was not the same as the number on the original note. The borrowers' counsel highlighted page thirty-three of a notes log that was admitted into evidence, which stated, "04/28/06 Y90/018 Z24/001 I Y SALE TO EMC PMSR BSABS 2006-IM1." The witness testified the log was part of the loan transfer history and indicated that the loan was sold to EMC. The log does not mention the bank.

The witness testified that Wells Fargo Bank, N.A. ("Wells Fargo") was the servicer on the loan. After reviewing exhibit 3, however, the witness testified that it did not mention the bank and the EMC abbreviation did not stand for the bank. She did not know what EMC stood for.

On redirect, the witness explained that the pooling and servicing agreement ("PSA") was between EMC Mortgage Corporation as purchaser and Wells Fargo as company. It was dated November 1, 2005, but was unexecuted, and did not include a mortgage loan schedule indicating the borrowers' loan was part of the trust.

The witness then testified that the Assignment Assumption Agreement was dated April 25, 2006. It included EMC, the bank as trustee, and Wells Fargo. Wells Fargo agreed to service the loans and EMC assigned its rights to the bank. However, this agreement was also unexecuted.

When the trial court expressed concern about the loan numbers not matching, the witness testified that the loan number was from Pinnacle and each servicer had its own loan number. The witness was unsure if the allonge was associated with the note and mortgage. She testified that the different numbers did not affect the mortgage because once a loan was boarded, Wells Fargo verified all parties to the loan.

2

Several months later, the trial court entered a final judgment of foreclosure in favor of the bank. From this judgment, the borrowers appeal.

The borrowers argue there was no evidence proving the bank had standing to file the foreclosure complaint. They argue the bank lacked possession of the note because Wells Fargo had possession, and the evidence showed EMC was the note owner. They also argue the evidence failed to prove when the endorsements or the allonge were created or affixed.

The bank responds that the evidence proved it was in constructive possession of the note through Wells Fargo before it filed the complaint. The borrowers reply that the bank was required to have possession of the note to be considered the holder and Wells Fargo had possession of the note when the bank filed the complaint. Specifically, exhibit 3 proved EMC was the investor and the bank had no standing to foreclose.

We have de novo review. *Dixon v. Express Equity Lending Grp., LLLP*, 125 So. 3d 965, 967 (Fla. 4th DCA 2013).

"[S]tanding may be established from the plaintiff's status as the note holder, regardless of any recorded assignments." *McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 173 (Fla. 4th DCA 2012) (citation omitted). "If the note does not name the plaintiff as the payee, the note must bear a special endorsement in favor of the plaintiff or a blank endorsement." *Id.* "A *plaintiff alleging standing as a holder* must prove it is a holder of the note and mortgage both as of the time of trial and also that [it] had standing as of the time the foreclosure complaint was filed." *Kiefert v. Nationstar Mortg., LLC*, 153 So. 3d 351, 352 (Fla. 1st DCA 2014) (emphasis added). "Such a plaintiff must prove not only physical possession of the original note but also, if the plaintiff is not the named payee, possession of the original note endorsed in favor of the plaintiff or in blank (which makes it bearer paper)." *Id.* at 353.

Because the bank was not the original named payee, it had to prove not only a blank or special endorsement in its favor, but also that the endorsement was placed on the note before it filed the original complaint. When the bank filed the original complaint, it included a lost note count and did not attach a copy of the note. The amended complaint attached a copy of the note, which contained an endorsement from Pinnacle to Impac and an allonge endorsed from Impac to the bank. But both the endorsement and allonge were undated. It was therefore essential that the

bank prove the endorsement occurred and the allonge was affixed prior to filing the original complaint. *See Russell v. Aurora Loan Servs., LLC*, 163 So. 3d 639, 642 (Fla. 2d DCA 2015). This, it failed to do.

The bank's witness testified that Wells Fargo possessed[1] the allonge and original note when the complaint was filed. However, exhibit 3, upon which the witness relied, refuted her testimony. Exhibit 3 contained no indication that the bank, or anyone else, possessed the original note with the affixed specially endorsed allonge before the complaint was filed. And, on cross-examination, the witness testified that she did not know the date the allonge was affixed to the original note. The evidence showed that EMC purchased the loan in 2006, and there was no evidence to show that EMC transferred the note and mortgage to the bank or Wells Fargo at any point because the PSA and Assignment Assumption Agreement were both unexecuted. Simply put, the bank failed to prove the allonge was specially endorsed in its favor and affixed to the original note prior to filing its complaint. It failed to prove standing.

We therefore reverse and remand the case for entry of judgment for the borrowers. *See Murray v. HSBC Bank USA*, 157 So. 3d 355, 359 (Fla. 4th DCA 2015).

*Reversed and Remanded.*

DAMOORGIAN and GERBER, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***

---

[1] The bank argues it constructively possessed the note through Wells Fargo. *See Caraccia v. U.S. Bank, Nat'l Ass'n*, 41 Fla. L. Weekly D476, D477 (Fla. 4th DCA Feb. 24, 2016) (finding proof of an agency relationship existed between the lender and servicer and stating that under those circumstances "the element of possession can be met through either actual or constructive possession"). However, the witness's testimony was not supported by any of the documentation she relied upon. Even if the bank proved the element of possession through constructive possession, it still failed to prove that the allonge was endorsed and affixed to the original note prior to the filing of the original complaint. *Balch v. LaSalle Bank N.A.*, 171 So. 3d 207, 209 (Fla. 4th DCA 2015).